UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE E. FORTE,<br><br>        Plaintiff,<br><br>    v.<br><br>MERCED COUNTY, ERIC DUMARS, MERCED COUNTY PUBLIC DEFENDERS OFFICE, JERRY O'BANION, MERCED COUNTY BOARD OF SUPERVISORS, CHRIS JASKOWIAK, CHRIS PICINICH, MIKE HILL, ADAM LEUCHNER, HERMAN PROCK, GEOFFREY ROGERS, DAVID SCOTT, JAMES PADRON, ANTHONY PARKER, LARRY MORSE, ALAN TURNER, MERCED COUNTY DISTRICT ATTORNEY'S OFFICE, MERCED COUNTY COUNSEL'S OFFICE, JAMES FINCHER, ROGER MATZKIND, MERCED COUNTY ADMINISTRATION OFFICE, MERCED COUNTY DEFENSE ASSOCATION, CINDY MORSE, THOMAS PFEIFF, DAVE CAPRON, JEFF BERGER, DR. RICHARD A. BLAK, THOMAS CAVALERRO, CITY OF LOS BANOS, STEVE RATH, GARY BRIZZEE, CONNIE McGHEE, CENTRAL SAN JOAQUIN VALLEY RISK MANAGEMENT AUTHORITY, RAYMA CHURCH, RYAN LIBKE, JAMES WEAKLEY, BRANDE GUSTAFSON, LOUIS LEONE, CLAUDIA LEED, GREGARY DE LA PENA, STEVEN ROYCRAFT, BENJAMIN RATCLIFF, WILLIAM LAPCEVICH, HYATT SUMMERFIELD SUITES, ANA VILLA, PLEASANTON POLICE DEPARTMENT, JERRY NICELEY, MARDENE LASHLEY, OFFICER MARTENS, TOMMY JONES, GREGORY CHAPPEL, BARBARA O'NEILL, FRANK DOUGHERTY, JAMES CADLE, MERCED SUPERIOR COURT, LARRY COMBS, KEN WILDERSON, JOE SOUSA, MANUAL FARIA, MICHAEL | CASE NO. 1:15-cv-0147 -----BAM<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

1

VILLALTA,

        Defendants.

_____

Plaintiff Eugene Forte ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, 1985, 1986 and 1988 and various state law related claims. Plaintiff's Complaint, filed on January 28, 2015, is currently before the Court for screening. Plaintiff names 60 different public entities, public officials, and private actors for violations of Plaintiff's civil rights.

## SCREENING REQUIREMENT

In cases in which the plaintiff is proceeding in forma pauperis, the Court must screen the complaint and dismiss it at any time that the Court concludes that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "Notwithstanding any filing fee, or portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences.*" Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While persons proceeding pro se actions are still entitled to have their pleadings liberally

construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted*); Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## PLAINTIFF'S ALLEGATIONS

The Complaint is 57 pages long, with 331 paragraphs, alleging eight different claims for relief against 60 different defendants and possibly other unnamed persons. The Court provides only a summary of the allegations.

In 2007, Plaintiff took a public stance against the County of Merced on behalf of a property owner who was remediating contamination. Plaintiff, an online blogger, wrote articles in the Badger Flats Gazette. In 2008, Plaintiff focused his articles on Merced County officials handling remediation. The remediation efforts resulted in a lawsuit, in which Plaintiff was named as a cross-defendant. (Doc. 1, ¶41.) Plaintiff objected to a Pro-temp judge James Padron presiding over a hearing and on February 24, 2009, as a hearing went forward, Plaintiff attempted a citizen's arrest of Padron. Defendant Picinich, a Deputy Sheriff employed by Merced County, and nonparty Hymiller were present and defendant Picinich, as Forte attempted a citizen's arrest of defendant Padron, grabbed Forte and arrested him. (Doc. 1 ¶55.) Plaintiff was charged with two felonies.

Plaintiff later wrote an article about the incident in the Badger Flats Gazette but Defendant McGhee, the principle of Our lady of Fatima School, refused to allow the distribution of the article at a school event.

On June 3, 2009, Plaintiff appeared at a Los Banos City Council meeting and spoke at the public forum. Defendant Pride, resident of Los Banos, poked Plaintiff in the chest for his statements

and the police refused to arrest Pride.[1] After the meeting, defendant Lieb, a newspaper editor, wrote a commentary about the incident, inaccurately reported the incident and caused humiliation to Forte.

On July 21, 2009, Plaintiff went to court for a traffic ticket his son had received. He was refused to be permitted to bring in a recorder. Defendant Picinich refused to allow the recorder to be taken in and Forte and Picinich exchanged words and then Picinich knocked Plaintiff to the ground, kneed him in the back and arrested Plaintiff. During the escort, Picinich yanked on handcuffs causing pain to Plaintiff and also slammed Plaintiff's head against the door and kneed him in the stomach. (Doc. 1, ¶84, 85.) Plaintiff incurred over $10,000 in medical bills. DA Morse refused to investigate the incident. After the incident, Plaintiff wrote numerous articles in the Badger Flats Gazette about the incident and the inaccuracies of the police reports about the incident.

A criminal action was brought against Plaintiff and the Merced County Superior Court appointed Merced County Defense Association aa the conflict public defender in Plaintiff's case. Plaintiff filed civil lawsuit in this court against numerous people for violation of his civil right arising out of his July 21, 2009 arrest, among other claims. *See Forte v. DA Larry Morse*, 11-cv-0318 AWI BAM. Plaintiff alleges that the insurance provider Defendant San Joaquin Central Risk Management Authority and its claims adjusters, Ken Wilkerson were defending the City of Los Banos. (Doc. 1, ¶146.) Plaintiff contends that they defended the action so as to undermine Plaintiff's legal representation and hide anything detrimental that may come out of the case.

Plaintiff has filed complaints against Defendant Tommy Jones, Los Banos mayor for various incidents of misconduct. (Doc. 1 ¶107.) Plaintiff got death threats from a juvenile connected to Jones. Plaintiff complains that a Grand jury investigation in 2011 was terminated at the order of Merced County Counsel James Fincher. Defendant Lapcevic moved to withdraw as Plaintiff's attorney. (Doc. 1, ¶117.) Lapcevic was supposed to amend the complaint to add Hyatt and Pleasanton Police Department as defendants, but Lapcevic had a conflict of interest. Plaintiff agreed to not name the defendants Lapcevic had a conflict with in a new complaint. Plaintiff recounts his efforts to get a complaint named against Pleasanton Police Department and Hyatt. Plaintiff alleges that Lapcevic did

---

[1] Although Plaintiff identifies Pride as a defendant, he is not named in the caption.

not amend in time and as a result, the statute of limitations ran as to some defendants.

Plaintiff complains that in the criminal action, competency proceedings were initiated by all defendants involved. (Doc. 1 ¶153-154.) Plaintiff alleges he was found mentally incompetent, but was in fact competent, in order to adversely affect Plaintiff's federal civil rights action and to deny him the right to a fair trial in his criminal action. Plaintiff alleges that defendants abused process, retaliated and conspired to deprive him of his civil rights to a fair trial. (Doc. 1 ¶161, 168.) Plaintiff alleges conspiracy, fraudulent police reports, collusion, drug addiction, destruction of exculpatory evidence in conduct related to the criminal prosecution. (See e.g., ¶193, 199.)

In February 2010, Plaintiff received a death threat and the police refused to arrest the person. (Doc. 1 ¶215.) He read the death threat at a school function, police were called and a citizen's occurred arrest wherein Plaintiff was arrested. Plaintiff and his family did not feel safe, they left and went to stay at the Hyatt Summerfield Suites and Ana Villa was the hotel manager. (Doc. 1 ¶231.) Villa had Plaintiff evicted because she did not like Plaintiff's article. Plaintiff incurred medical bills for $45,000.

Plaintiff filed a grand jury complaint with the Merced County Grand Jury on March 2010. Plaintiff complains that the grand jury, while initially wanting to investigate his claims, voted against doing so at the advice of defendant Fincher, County Counsel. Plaintiff alleges a conspiracy to conceal unlawful acts by officials of Merced County. (Doc. 1 ¶251-253.)

The Complaint alleges claims as follows:

(1) Violation of 42 USC §1983 against all defendants for the July 21, 2009 arrest, excessive force

(2) Violation of 42 USC §1985 against all defendants for the February 24, 2009 and the July 21, 2009 arrests and for the February 28, 2010 citizen's arrest by Connie McGhee.

(3) Violation of 42 USC §1983 against all defendants for conspiracy against Plaintiff's first amendment rights.

(4) Violation of 42 USC §1983 against all defendants for Fraudulent Investigation and unlawful seizure, detention and prosecution against all defendants for the July 2009 and February 2009 arrests.

(5) Violation of 42 USC §1983 against all defendants for withholding evidence, failing to disclose exculpatory evidence for withholding evidence related to his arrests.

(6) Violation of 42 USC §1988 against all defendants for conspiracy to violate Plaintiff's civil rights for unreasonable arrest and seizure and investigation and suppression of exculpatory evidence.

(7) Negligence resulting in wrongful incarceration and detention for having Plaintiff declared mentally incompetent to stand trial.

(8) False Imprisonment and Arrest.

(9) Intentional Infliction of Emotional Distress.

## DEFICIENCIES IN THE COMPLAINT

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8, 18 and 20 and fails to state a cognizable claim. As Plaintiff is proceeding pro se, he will be given an opportunity to amend his complaint. To assist him, Plaintiff is provided with the pleading and legal standards that appear applicable to his claims. Plaintiff should amend only those claims that he believes, in good faith, are cognizable and only those claims which have not been asserted in another action filed in this court.

**A. Pleading Requirements**

   **1. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id; see also Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

Plaintiff's complaint is not a short and plain statement of his claims. As stated above, the allegations are verbose recitation of chronological events, Plaintiff's suppositions and conclusory

statements. Plaintiff's allegations fail to clearly identify each individual claim, the incident(s) giving rise to each claim, and the specific Defendants Plaintiff believes are liable for each of those claims. Instead, the Complaint lumps all of Plaintiff's factual allegations together in simple chronological order regardless of their relation to a particular claim. This is insufficient. Plaintiff must list his factual allegations according to the claims that he is asserting. The court is not required to sort through Plaintiff's allegations in search of a viable claim, *Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir.2003); *see Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir.1994), and Plaintiff's failure to plainly and succinctly provide each defendant with fair notice of the bases for his allegations violates Rule 8. *See Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir.2011).

## 2. Legal Standards Governing Joinder of Parties and Claims

Plaintiff may not proceed in this action on a myriad of unrelated claims against different defendants in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). As an initial matter, Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party. *Aul v. Allstate Life Ins. Co.*, 993 F.2d 881, 884 (9th Cir.1993); *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007). When there is a misjoinder of parties or claims, the court may on its own motion drop any party or sever any claim. Fed.R.Civ.P. 21.

Plaintiff may not bring claims against unrelated defendants in this action. For example, Plaintiff may not pursue a claim against defendant McGhee for false arrest, while simultaneously pursuing a claim for unlawful arrest by officers. Plaintiff may not pursue incidents arising in Merced County with incidents arising in Los Banos. Unrelated claims against different defendants do not belong in the same suit, to prevent the sort of morass of multiple claims, multiple defendant suit

7

produces. In a scattershot approach, Plaintiff lists a series of events and facts that he appears to suggest demonstrates violations of rights. Plaintiff will not be permitted to proceed with disjointed and unrelated claims and defendants, and the court is not required to sort through Plaintiff's allegations in search of a viable claim.

If Plaintiff elects to amend his complaint, Plaintiff must choose which claims he wishes to pursue in this action. If Plaintiff does not do so and his amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims.

### 3. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff alleges a chronology of events and circumstances beginning in 2007 and apparently alleges that each act purportedly violated his right, but Plaintiff fails to link many of the defendants to any of his claims. If Plaintiff elects to amend his complaint, he must allege what each individual defendant did or did not do that resulted in a violation of his constitutional rights. A chronological listing is insufficient and he must link each defendant to specific constitutional claims. Plaintiff is reminded that his allegations violate Rules 8, 18 and 20 and therefore any amendment must be made in compliance with these Rules.

### 4. Plaintiff's Claims Pending in Other Cases

The Court notes that a number of Plaintiff's claims in this case are identical to those raised and screened, dismissed, adjudicated or pending in separate actions Plaintiff has filed in this district. *See Forte v. Merced*, et al. 1:11-cv-318-AWI-BAM; *Forte v. Jones*, 1:11-cv-718 AWI BAM, and *Forte v. Hughes*, 1:13-cv-1980 LJO SMS. "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dep't of Health Servs.,* 487 F.3d 684, 688 (9th Cir.2007)*, overruled on other grounds by Taylor v. Sturgell,* 553 U.S. 880, 904, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008). "[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Id.* at 689.

Plaintiff is advised that, he will be given opportunity to file an amended complaint wherein he may clarify any claims which have not been raised and screened, dismissed, adjudicated or pending in separate action. However, he is strongly cautioned that any claims in a first amended complaint in this case, that are found to be identical to those raised in other cases will be dismissed.

### 5. Names of Defendants in Caption

The caption does not list all of the defendants identified in the body of the complaint and conversely, the body of the complaint does not identify allegations against some defendants listed in the caption.  The individuals named as "defendants" only in the body of the Complaint have not been presented properly as parties, and the Court does not recognize them as defendants in this action. If Plaintiff files an amended complaint, he must include in the caption the names of each defendant against whom he is asserting a claim and only those defendants. See Fed.R.Civ.P. 10(a); see also *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262–63 (9th Cir.1992) (dismissing action for refusal to comply with court orders to name defendants in the caption).

## B. Legal Standards

### 1. Plaintiff's Complaint Fails to State a Monell Claim Under Section 1983

A municipality may not be held responsible for the acts of its employees under a respondent superior theory of liability. *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir.1995). Rather, to state a

1  claim for municipal liability, a plaintiff must allege that he suffered a constitutional deprivation that
2  was the product of a policy or custom of the local government unit. *See City of Canton, Ohio, v.*
3  *Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). A claim against a local
4  governmental unit for municipal liability requires an allegation that "a deliberate policy, custom or
5  practice ... was the 'moving force' behind the constitutional violation ... suffered." *Galen v. County of*
6  *Los Angeles*, 477 F.3d 652, 667 (9th Cir.2007) (citing *Monell*, 436 U.S. at 694–695.) To state a civil
7  rights claim against a local government under *Monell*, a plaintiff must set forth facts alleging the
8  following: (1) the local government official(s) must have intentionally violated the plaintiff's
9  constitutional rights, (2) the violation must be a part of policy or custom and may not be an isolated
10 incident, and (3) there must be a link between the specific policy or custom to the plaintiff's injury.
11 *See Monell*, 436 U.S. at 690-92.
12      To the extent Plaintiff seeks to hold any defendant liable based upon their supervisory
13 positions, he may not do so.  Liability may not be imposed on supervisory personnel for the actions or
14 omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77;
15 *Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*,
16 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).
17 Supervisors may be held liable only if they "participated in or directed the violations, or knew of the
18 violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989);
19 accord *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570
20 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th
21 Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).
22      Here, Plaintiff has failed to identify any policy statements, regulations, officially adopted or
23 promulgated decisions, customs, or practices by which any defendant allegedly inflicted the injuries
24 about which Plaintiff is complaining.  Plaintiff has alleged as series of actions over a number of years
25 but fails to clearly identify the policy he is challenging.  Since Plaintiff's complaint is not in
26 compliance with Rule 8(a) or Rule 18, the Court declines to expend its resources with attempting to
27 sort out his claims.  Further, Plaintiff is reminded that in any amended complaint he must select claims
28 which do not violate Rules 18 and 20 and have not been raised in other cases in this court.

### 2. Departments within a Governmental Entity

A claim for civil rights violations pursuant to 42 U.S.C. § 1983 requires a "person" who acted under color of state law. 42 U.S.C. § 1983. Local governmental units, such as counties or municipalities, are considered "persons" within the meaning of Section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Municipal departments and sub-units, including police departments, are generally not considered "persons" within the meaning of Section 1983. *United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir.2005) (Ferguson, J., concurring) (findings municipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983); *see also Sanders v. Aranas*, 2008 WL 268972, *3 (the Fresno Police Department is not a proper defendant because it is a sub-department of the City of Fresno and is not a person within the meaning of § 1983).

To the extent that Plaintiff names departments within the City of Los Banos, County of Merced, Board of Supervisors or any other department within a municipality, he may not do so. Sub-departments or bureaus of municipalities are not generally considered "persons" within the meaning of section 1983. *United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005) (Ferguson, J., concurring).

### 3. Private Actors

Some of the named Defendants are private attorneys appointed or who had interaction with Plaintiff in his criminal proceedings or in the various civil actions filed by Plaintiff. These are not persons acting under color of state or federal law. *See Polk County v. Dodson*, 454 U.S. 312 (1981) (public defenders do not act "under color of state law" when performing traditional lawyer duties). "[P]rivate parties are not generally acting under color of state law," and the mere allegation that a private party was acting under color of state law does not make it so. *Price v. State of Hawaii*, 939 F.2d 702, 707–08 (9th Cir.1991); *Gauvin v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D.Cal.1988) ("The relationship between the state and the private actor which establishes state action must be pled in some detail"). A contractual relationship with a state actor does not convert a private business into a state actor itself, however. *Gauvin*, 682 F.Supp. at 1071 (private defendants who contracted with CalTrans not state actors under § 1983).

### 4. Immunity

State court judges and prosecutors are immune from liability under 42 U.S.C. § 1983. See *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir.2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.1986) (holding that judges and prosecutors are immune from liability for damages under section 1983). To the extent Plaintiff alleges violations based upon prosecutorial conduct or judicial conduct, prosecutors and judges are absolutely immune.

In addition, government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably," *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009), and protects "all but the plainly incompetent or those who knowingly violate the law," *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986).

### 5. Statute of limitations

To the extent Plaintiff asserts claims against defendants based on the incidents described in the complaint, most of them are barred by § 1983's two year statute of limitations. *See also Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir.2004) (noting California's two-year statute of limitations for personal injury actions applies to § 1983 claims).

For the state law claims, these tort claims are also subject to a two-year statute of limitations for the "wrongful act or neglect of another." (Code Civ. Proc., § 335.1.) The acts in the complaint are barred by the statute of limitations.

### 6. State Law Claims

Insofar as Plaintiff is attempting to pursue state law claims for negligence or false arrest or other tort claim, he has failed to allege necessary compliance with the Government Claims Act.

The Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 208–09, 64 Cal.Rptr.3d 210, 164 P.3d 630 (Cal.2007); *State v. Superior Court of Kings Cnty. (Bodde),* 32 Cal.4th 1234, 1239, 13 Cal.Rptr.3d 534, 90 P.3d 116 (Cal.2004); *Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1111 (9th Cir.2001); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir.1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Government Claims Act. *Shirk*, 42 Cal.4th at 209, 64 Cal.Rptr.3d 210, 164 P.3d 630; *Bodde*, 32 Cal.4th at 1239, 13 Cal.Rptr.3d 534, 90 P.3d 116; *Mangold*, 67 F.3d at 1477; *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir.1988).

## CONCLUSION AND ORDER

Plaintiff's complaint violates Federal Rule of Civil Procedure 8, 18 and 20 and fails to state a cognizable claim.  As noted above, the Court will provide Plaintiff with the opportunity to file an Amended Complaint to cure the identified deficiencies.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  In his amended complaint, Plaintiff shall choose which claims he wishes to pursue in this action.

In the amended complaint, Plaintiff shall state as briefly as possible the facts of the case, describing how each defendant is involved, and Plaintiff shall not give any legal arguments or cite to any cases or statutes.  Plaintiff shall separate his claims, so that it is clear what the claims are and who the defendants involved are.  Further, for each claim, Plaintiff shall clearly and succinctly set forth the facts to state the acts or failure to act by each Defendant that led to a knowing violation of Plaintiff's federal rights.  A chronological listing of events, with conclusory recitation of elements fail to satisfy Plaintiff's pleading burden.

Further, Plaintiff's complaint must comply with the joinder requirements of Rule 18 and 20, and he is strongly cautioned that any claims in a first amended complaint that are found to be identical to those raised in other cases will be dismissed.

Plaintiff's amended complaint is limited to 25 pages, exclusive of exhibits.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's first amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to comply with Federal Rule of Civil Procedure 8 and 18 and for failure to state a cognizable claim;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint;

3. Plaintiff's first amended complaint is **limited to 25 pages**, exclusive of exhibits, and it will be stricken from the record if it violates this page limitation; and

4. **If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **June 18, 2015**                    /s/ *Barbara A. McAuliffe*
                                                              UNITED STATES MAGISTRATE JUDGE

14