IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE FORTE,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF MERCED, et al.,<br><br>    Defendants. | No.  1:15-CV-00147-KJM-BAM<br><br>ORDER |

Plaintiff, proceeding pro se, brings this action against numerous individuals, government entities, and government officials in Merced County.  ECF No. 1.  In a 57-page complaint, he alleges the following claims, against all defendants:  (1) excessive force in violation of  42 U.S.C. § 1983 related to his July  21, 2009 arrest; (2) violation of 42 U.S.C. § 1985 related to his February 24, 2009 and July 21, 2009 arrests and for his February 28, 2010 citizen's arrest; (3) violation of 42 U.S.C. § 1983 by virtue of a conspiracy based on plaintiff's First Amendment rights; (4) fraudulent investigation and unlawful seizure, detention and prosecution related to his July 2009 and February 2009 arrests in violation of 42 U.S.C. § 1983; (5) violation of 42  U.S.C. § 1983 through withholding evidence and failing to disclose exculpatory evidence; (6) violation of 42 U.S.C. § 1988 in the form of a conspiracy to violate plaintiff's civil rights, unreasonable arrest and seizure,  and investigation and suppression of exculpatory evidence; (7) negligence in having plaintiff  declared mentally incompetent to stand trial resulting in wrongful incarceration

1

and detention; (8) false imprisonment and arrest; and (9) intentional infliction of emotional distress.  *See generally id.*  Plaintiff's request to proceed *in forma pauperis* was granted on February 3, 2015.  In that order, the court informed plaintiff it would screen his *pro se* complaint as provided by 28 U.S.C. § 1915 before the summons would issue.  ECF No. 3.  Also with that order, the court advised plaintiff to indicate whether he consented to magistrate judge jurisdiction no later than February 19, 2015.  *Id.*

On February 12, 2015, plaintiff filed a motion requesting permission to electronically file and serve documents.  ECF No. 4.  On February 17, 2015, he filed a notice declining magistrate judge jurisdiction.  ECF No. 5.

On June 18, 2015, the magistrate judge issued an order finding that plaintiff's complaint did not comply with Federal Rules of Civil Procedure 8, 18, and 20 and failed to state a cognizable claim.  ECF No. 7.  She dismissed the complaint with leave to amend, and allowed plaintiff 30 days from the date of that order to file an amended complaint not to exceed 25 pages.  ECF No. 6.  She also denied plaintiff's request to file documents electronically without prejudice until such time as plaintiff filed an amended complaint stating a cognizable claim.  *Id*.  Plaintiff filed objections to this order on July 1, 2015, and the undersigned was assigned to this case on July 10, 2015.  ECF No. 10.  Because the objections were pending, the magistrate judge amended the deadline for plaintiff to file his first amended complaint, allowing him ten days from the issuance of an order addressing his objections.  ECF No. 12.  In addition, on July 17, 2015, the magistrate judge issued an order admonishing plaintiff for continually seeking ex parte advice from the court and ordering him to cease and desist contact with the court and court staff unless in a motion.  ECF No. 15.  On July 20, 2015, plaintiff filed additional objections to that order, stating that it unfairly shortened the time by which he may file an amended complaint.  ECF No. 16.

Where a party files written objections to a magistrate judge's proposed disposition, "[t]he district judge to whom the case is assigned shall make a de novo determination upon the record." Fed. R. Civ. P. 72(b).  Federal Rule of Civil Procedure 72(a) provides that the district judge to whom the case is assigned shall consider objections and shall modify or set aside any

portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Similarly, 28 U.S.C. § 636(b)(1)(A) provides in pertinent part that "[a] judge of the court may reconsider any pretrial matter under this subparagraph (A) [non-dispositive matters] where it has been shown that the magistrate's order is clearly erroneous or contrary to law."

Plaintiff argues the magistrate judge lacked authority to dismiss the complaint but instead should have issued findings and recommendations to the district judge for approval. A magistrate judge may dismiss a complaint with leave to amend without approval by the court. *See McKeever v. Block*, 932 F.2d 795, 798–99 (9th Cir. 1991). Such dismissals are "non-dispositive matters," which may compel district court review in the event, as here, the party timely objects. *See, e.g., Robinson v. Adams*, No. 1:08–CV–1380, 2009 WL 1953167, at *1–2 (E.D. Cal. July 7, 2009). Here, because plaintiff's complaint was dismissed with leave to amend, it was not a final order, dispositive of a claim or defense. The magistrate judge's order was not outside her statutorily granted jurisdiction.

Turning to the merits, the court finds the magistrate judge's order was not clearly erroneous or contrary to law. Under 28 U.S.C. § 1915, the court has a continuing duty to dismiss any case in which a party is proceeding *in forma pauperis* if the court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."). A review of the complaint here reveals it is not "a short and plain statement of the claim showing that the pleader is entitled to relief . . . . " Fed. R. Civ. P. 8(a)(2). *Pro se* litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121–23 (9th Cir. 2012); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but plaintiff's claims must be facially plausible to survive screening; they require sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A plaintiff must

demonstrate that each defendant personally participated in the deprivation of plaintiff's rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Here, plaintiff's complaint identifies sixty defendants, many of whom are not the proper subject of the section 1983 claim alleged against them. The complaint contains references to other actions and unrelated facts, and does not state facts supporting defendants' alleged liability. Plaintiff's complaint also states claims that on their face appear to be barred by the applicable statute of limitations, claims against defendants who are immune from suit, or claims that require administrative exhaustion without exhaustion having been pled. *See* ECF No. 7 at 9-13. Dismissal with leave to amend is not clearly erroneous.

Plaintiff also objects to the magistrate judge's order that his amended complaint be limited to 25 pages, and that failure to comply with that order may be grounds for dismissal. A court may order a plaintiff to limit a complaint "so as to not impose a wholly unnecessary strain on [the] defendants and on the court system." *Kelley v. Rambus, Inc.*, 384 F. App'x 570, 572 (9th Cir. 2010) (citations, quotations omitted, alteration in original). Any violation of such an order can support dismissal. *See Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (affirming dismissal for failure to comply with Rules 8(a) and 8(e)); *Schmidt v. Herrmann*, 614 F.2d 1221, 1223 (9th Cir. 1980) (affirming dismissal of second amended complaint with prejudice for failure to comply with Rules 8(a), 8(e), and 9(b) and for failure to comply with court's order to amend complaint to comply with rules). Plaintiff has been sufficiently and fairly warned of the possibility of dismissal.

With regard to plaintiff's objections that the magistrate judge unfairly shortened the deadline by which he may file an amended complaint, the court overrules that objection. In his first round of objections, plaintiff requested that the deadline for filing an amended complaint be stayed pending resolution of his objections. In response, the magistrate judge vacated the original 30-day deadline and allowed plaintiff ten days after the issuance of any order resolving his objections. Her order in this respect had the effect of lengthening the original deadline, which passed on July 18, 2015. Plaintiff is hereby granted ten days after the date of this order's entry to file an amended complaint consistent with the magistrate judge's instructions.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's objections to ECF Nos. 6, 7, and 12 are OVERRULED; and

2. Plaintiff may file an amended complaint within 10 days of entry of this order.

IT IS SO ORDERED.

DATED:  August 7, 2015.

_____
UNITED STATES DISTRICT JUDGE