UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE E. FORTE,

        Plaintiff,

    v.

MERCED COUNTY, ERIC DUMARS,  LARRY MORSE, MARK PAZIN,  JEFF BERGER, ALAN TURNER,  JAMES FINCHER, ROGER MATZKIND, JAMES PADRON, CINDY MORSE,  THOMAS PFEIFF, DAVE CAPRON, JERRY O'BANION,  DR. RICHARD A. BLAK, JAMES WEAKLEY, LARRY COMBS, MERCED COUNTY DEPUTIES THOMAS CAVALERRO,  CHRIS JASKOWIAK,  CHRIS PICINICH,  MIKE HILL, ADAM LEUCHNER, HERMAN PROCK, GEOFFREY ROGERS, DAVID SCOTT, MERCED COUNTY SHERIFF'S DEPARTMENT,  CITY OF LOS BANOS,  STEVE RATH,  LB CHIEF GARY BRIZZEE, LB OFFICER ANTHONY PARKER, MERCED COUNTY ADMINISTRATION OFFICE, MERCED COUNTY DEFENSE ASSOCATION, MERCED COUNTY DISTRICT ATTORNEY'S OFFICE, MERCED COUNTY COUNSEL'S OFFICE, MERCED COUNTY PUBLIC DEFENDERS OFFICE,  MERCED COUNTY BOARD OF SUPERVISORS, MCLATHCY NEWSPAPERS, COREY PRIDE, and DOES 1-25, individually and in their official capacity, et al.

        Defendants.

CASE NO. 1:15-cv-0147 KJM-BAM

**FINDINGS AND RECOMMENDATIONS DISMISSING  PLAINTIFF'S FIRST AMENDED COMPLAINT  IN PART WITH PREJUDICE AND GRANTING LEAVE TO AMEND IN PART**

(Doc. 18)

FOURTEEN-DAY OBJECTION DEADLINE

THIRTY-DAY AMENDED COMPLAINT DEADLINE

Plaintiff Eugene Forte ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, 1985, 1986 and 1988 and various state law related claims. On June 18, 2015, the Court screened Plaintiff's initial complaint and granted Plaintiff leave to amend. On August 24, 2015, Plaintiff filed a First Amended Complaint. (Doc. 18).  In his amended complaint,

Plaintiff names 37 different public entities, public officials, and private actors for violations of Plaintiff's civil rights.[1]  That pleading is now before the Court for screening.

**SCREENING REQUIREMENT**

In cases in which the plaintiff is proceeding in forma pauperis, the Court must screen the complaint and dismiss it at any time that the Court concludes that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "Notwithstanding any filing fee, or portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences.*" Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While persons proceeding pro se actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted*); Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere

---

[1]      Following screening of the original complaint, Plaintiff's amended complaint does not assert claims against Defendants Connie McGhee, Central San Joaquin Valley Risk Management Authority, Rayma Church, Ryan Libke, Brande Gustafson, Louis Leone, Claudia Leed, Gregary De La Pena, Steven Roycraft, Benjamin Ratcliff, William Lapcevich, Hyatt Summerfield Suites, Ana Villa, Pleasanton Police Department, Jerry Niceley, Mardene Lashley, Officer Martens, Tommy Jones, Gregory Chappel, Barbara O'Neill,  Frank Dougherty, James Cadle, Merced Superior Court, Ken Wilkerson, Joe Sousa, Manual Faria, and Michael Villalta.

2

consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## FACTUAL BACKGROUND

### A.    Plaintiff's Allegations

Plaintiff's First Amended Complaint ("FAC") alleges various causes of action pursuant to 42 U.S.C. §1983, 1985, 1986 and 1988 against numerous governmental and non-governmental entities.[2] So far as the Court can discern, these allegations concern a myriad of factual assertions linked by an overarching conspiracy against Plaintiff to deprive him of his rights in the criminal prosecutions related to his prior arrests, among other things.[3]   The conspiracy and alleged violations of Constitutional rights center on complaints made by Plaintiff to various governmental officials about his arrests, which went unanswered, and then more specifically, to the prosecution of the criminal actions which resulted from his two arrests.[4]  Plaintiff asserts that the prosecutions unconstitutionally declared him mentally incompetent when he was not, and as a result, denied Plaintiff a fair criminal trial.  FAC at ¶ 53.  Further, throughout his state court criminal case and a related civil case in this court, Plaintiff alleges that various actors, both public and private, orchestrated a conspiracy against him, infringed his rights to engage in protected speech and to petition for redress of his grievances.

Plaintiff is an online blogger who writes articles in the Badger Flats Gazette.  In 2007, Plaintiff took a public stance against the County of Merced on behalf of a property owner who was remediating contamination.   In 2008, Plaintiff wrote articles criticizing Merced County officials' handling of contamination remediation.   The remediation efforts resulted in a lawsuit, in which Plaintiff was named as a cross-defendant.  Plaintiff objected to a Pro-temp judge James Padron presiding over a

---

[2]        Defendants are Merced County, Eric Dumars, Larry Morse, Mark Pazin, Jeff Berger, Alan Turner, James Fincher, Alan Turner, Roger Matzkind, James Padron, Cindy Morse, Thomas Pfeiff, Dave Capron, Jerry O'Banion, Dr. Richard Blak, James Weakley, Larry Combs, Merced County Deputies, Thomas Cavalerro, Chris Jaskowiak, Chris Picinich, Mike Hill, Adam Leuchner, Herman Prock, Geoffrey Rogers, David Scott, Merced County Sheriff's Department, City of Los Banos, Steve Rath, LB Chief Gary Brizzee, LB Officer Anthony Parker, Merced County Administration Office, Merced County Defense Association, Merced County District Attorney's Office, Merced County Counsel's Office, Merced County Public Defender's Office, Merced County Board of Supervisors, and DOES 1-25, individually and in their official capacity, et al.

[3]        Plaintiff's amended complaint is more conclusory than his original complaint, and in screening the amended complaint, the Court relies by necessity on the original complaint and attached exhibits for context.

[4]        The foregoing is a condensed version of the relevant allegations set forth in Plaintiff's FAC. The factual detail that is omitted has been reviewed by the Court.

hearing and on February 24, 2009, as a hearing went forward, Plaintiff attempted a citizen's arrest of Padron. As Plaintiff attempted a citizen's arrest of defendant Padron, Defendant Picinich, a Deputy Sheriff employed by Merced County grabbed Forte and arrested him ("February 24, 2009 arrest"). (Doc. 1 at ¶55.)  Plaintiff was charged with two felonies.

On June 3, 2009, Plaintiff appeared at a Los Banos City Council meeting and spoke at the public forum.  Defendant Pride, resident of Los Banos, poked Plaintiff in the chest for his statements and the police refused to arrest Pride.  After the meeting, defendant Lieb, a newspaper editor, wrote a commentary about the incident, inaccurately reported the incident and caused humiliation to Forte.

On July 21, 2009, Plaintiff went to court for a traffic ticket his son had received.  He was refused permission to bring in a recorder.  Defendant Picinich refused to allow the recorder to be taken in and Forte and Picinich exchanged words and then Picinich knocked Plaintiff to the ground, kneed him in the back and arrested Plaintiff ("July 21, 2009 arrest").  During the escort, Picinich yanked on handcuffs causing pain to Plaintiff and also slammed Plaintiff's head against the door and kneed him in the stomach.  (Doc. 1, ¶84, 85.)  Plaintiff incurred over $10,000 in medical bills.  Defendant District Attorney Larry Morse refused to investigate the incident.  After the incident, Plaintiff wrote numerous articles in the Badger Flats Gazette about the incident and the inaccuracies of the police reports about the incident.

In 2009, a misdemeanor criminal action was brought against Plaintiff for his arrests and the Merced County Superior Court appointed Merced County Defense Association as the conflict public defender in Plaintiff's case.  In an effort to challenge his 2009 arrests and related prosecution, Plaintiff filed a federal civil lawsuit in this court against numerous people for violation of his civil right arising out of his February 24, 2009 and July 21, 2009 arrests, among other claims.  *See Forte v. DA Larry Morse*, 11-cv-0318 AWI BAM.

In his FAC in the instant case, Plaintiff begins with the allegation that in September 2012, Merced County Board of Supervisors failed to perform an investigation of various public officials at Plaintiff's request.  FAC at ¶ 40.  According to Plaintiff, in furtherance of a conspiracy to harm him, the Merced County Board of Supervisors, Merced County Supervisor Jerry O'Banion, and Merced County Chief Executive Officer Larry Coombs ignored Plaintiff's request for an investigation into

4

Plaintiff's allegations of a conspiracy.  FAC at ¶ 40.

In explaining his conspiracy theory, Plaintiff alleges that in April 2009 (shortly after he was arrested) the Merced County Superior Court appointed Defendant Eric Dumars as the public defender in Plaintiff's criminal case.  Plaintiff alleges that his criminal attorney Dumars eventually requested the dismissal of the criminal charges against Plaintiff (over Plaintiff's objections) but also requested that the state court fine Plaintiff $9,333.33 for the cost of his defense. FAC at ¶ 56.  Judgment was entered against Plaintiff for $9,333.33.  *Id.*  Although Dumars secured a dismissal of Plaintiff's criminal charges, Plaintiff claims that his inadequate criminal defense by Dumars and the monetary fine were carried out maliciously in furtherance of a conspiracy against him.

Also related to the dismissal of his 2009 criminal case, Plaintiff alleges that his criminal case was terminated short of trial because he was found mentally incompetent to stand trial.  FAC at ¶ 54. Plaintiff accuses Defendant Dr. Richard Blak of falsely diagnosing Plaintiff with "severe delusional disorder" in the criminal court competency proceeding.  FAC at ¶ 51.  Plaintiff further alleges that Merced County Counsel Roger Matzkind and James Fincher misused the criminal process by orchestrating his criminal trial against him and by having Plaintiff declared mentally incompetent when he was not.  FAC at ¶ 62.

While his criminal case was still pending, Plaintiff alleges on April 10, 2013, "Defendants Matzkind, Fincher, and Morse" in this Court's federal civil rights case *Forte v. Merced County*, 1:11-cv-318 AWI-BAM notified this Court that Plaintiff was declared mentally incompetent to stand trial as a defendant in the misdemeanor criminal case. Defendants in case 11-cv-318 then requested that this Court order a mental evaluation of Plaintiff *sua sponte* pursuant to Rule 17(c) of the Federal Rules of Civil Procedure to determine whether Plaintiff was capable of representing himself in the federal civil rights action.  FAC at ¶ 63.  Although Plaintiff was later found competent in his civil case, Plaintiff alleges that the additional efforts to have him declared mentally incompetent in his federal civil rights case were added factors contributing to the conspiracy against him. FAC at ¶ 63.

Plaintiff's 2009 criminal case was ultimately dismissed on January 28, 2013, however, Plaintiff made repeated requests to numerous officials to investigate Defendant Dumars because Plaintiff believed that Dumars was intentionally providing inadequate legal representation in order to aid the

5

criminal prosecution by various named Defendants in this action.  FAC ¶ at 66. Defendants ignored Plaintiff's requests to launch an investigation into Dumars' conduct.  FAC ¶ at 66. This, Plaintiff claims, is further evidence of the conspiracy. Plaintiff also alleges that the criminal prosecution against him in the Superior Court was carried out despite an alleged "conflict of interest" that existed between Plaintiff and the District Attorney of Merced County who had been sued by Plaintiff in a counter-claim in a Superior Court case titled "*Tetra Tech, Inc. v. Marion Santos.*" FAC ¶ at 69.

In sum, Plaintiff alleges that all Defendants made an agreement to falsely arrest and prosecute Plaintiff and have him declared delusional so that his writings in the Badger Flats Gazette—exposing police misconduct, prosecutorial misconduct, and other freedom of speech violations—would be discredited.  FAC at ¶ 70.  Further related to the conspiracy, Plaintiff alleges that Defendants withheld exculpatory evidence—video surveillance recordings of courthouse cameras—that would have established that his February 24, 2009, arrest was unlawful. FAC at ¶ 77.  Plaintiff also includes allegations against Defendants Corey Pride and McClatchy Newspapers for publishing unfavorable coverage of Plaintiff's activities as part of the governmentally-directed conspiracy to silence Plaintiff. FAC at ¶ 81.

Plaintiff's amended complaint alleges six claims for relief pled against all defendants, including (1) unlawful arrest and related supervisory liability and municipal liability for those arrests; (2) civil conspiracy claims for his competency proceedings in his civil case; (3) fraudulent investigation and unlawful arrest; (4) failure to disclose exculpatory evidence; (5) civil conspiracy claims related to his arrest and subsequent prosecution; and (6) intentional infliction of emotional distress.

### B.        Plaintiff's Prior Complaint, Ultimately Dismissed[5]

In 2011, Plaintiff filed a similar complaint in this Court against many of the same parties on the same or similar claims presented in the instant case.  *See Forte v. Merced County*, United States

---

[5]        The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The Court's docket is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981).

District Court, Eastern District of California, Case No. 1:11-cv-318-AWI-BAM ("*Forte I*").   The Court, familiar with the action, takes judicial notice of the complaints and orders filed in *Forte I*.

*Forte I* pled various 42 U.S.C. §1983 causes of action against numerous governmental and non-governmental entities based on Plaintiff's February 24, 2009 and July 21, 2009 arrests.[6]   After defendants moved to dismiss the original complaint, the Court dismissed the vast majority of those claims and defendants with prejudice.   *Forte I*, Doc. 96.   The only allegations which survived Defendants' Motions to Dismiss were two unlawful arrest/excessive force claims for the arrests occurring on February 24, 2009 and July 21, 2009.  *Forte I*, Doc. 96.

Plaintiff later attempted to file an amended complaint (*Forte I*, Docs. 196, 223, 282) and also a supplemental complaint (Doc. 280) in an attempt to re-allege previously dismissed claims and add new defendants with updates as to events occurring since the date the claims were dismissed.

The Court denied Plaintiff's efforts to supplement his complaint as follows:

> The purpose of the proposed "supplemental pleading" is to reinstate claims against erstwhile defendants that were long ago dismissed with prejudice from this action. Specifically, Plaintiff seeks to "supplement" the complaint to allege essentially the same claims that were previously dismissed on prior Defendants Morse, Turner, Fincher and others that Plaintiff alleges were behind the "fraud on the court" that resulted in the dismissal of the criminal charges that had been pending against Plaintiff in Merced County Superior Court. Despite repeated denials of similar motions in the past—most recently in the Magistrate Judge's order of September 23—and despite repeated explanations of why the claims Plaintiff seeks to supplement are not cognizable in this court; Plaintiff persists. The court's prior rejection of Plaintiff's claims against those he feels were responsible for the dismissal of his criminal claims in Superior Court is based on two legal principles that have not changed since the claims were originally dismissed. First, federal district courts have no authority to supervise, control, or correct the legal or factual errors of state superior courts. To the extent a litigant may seek relief from what he or she perceives to be a faulty, fraudulent, unlawful or otherwise wrongful superior court decision, relief is available only from the state appellate court except for one very limited circumstance. Federal district courts can provide relief from proceedings in state courts if, and only if, the state court

---

[6]      Defendants from the original complaint in *Forte I* are:  County of Merced, District Attorney Larry Morse, Deputy District Attorney Alan Turner, County Counsel James Fincher, Merced County Sheriff Mark Pazin, Merced County Sheriff Deputies Pacininch, Jaskowieac, Hill and Leuchner, James Pardon, Supervisor Jerry O'Banion, City of Los Banos, Los Banos Police Officer Gary Brizee and Anthony parker, Catholic Diocese of Fresno, Connie McGhee, McClatchy NewsPapers, Los Banos Enterprise, Gene Lieb, Corey Pride and Does 1-100.  Most of these defendants are repeated again in the instant case.

proceedings resulted in violations of either the United States Constitution or a federal statute. See 42 U.S. § 1983. This concept of "federalism" was adequately explained to Plaintiff in the court's order of March 25, 2013, Docket Number 118, and need not be repeated here. Second, Plaintiff has never articulated the infringement of a constitutional or statutory federal right arising from the dismissal of the criminal claims against him in the Superior Court. Plaintiff's current Motion to Stay "to supplement his pleading" is no exception Plaintiff's major contention with regard to the proceedings in the Merced Superior Court is that the previously dismissed Defendants conspired to commit fraud on the court by implementing a scheme to use incompetent or "jury-rigged" testimony to persuade the Superior Court to dismiss the criminal charges against Plaintiff based on a false finding that Plaintiff was not competent to defend himself in a criminal proceeding pursuant to Cal. Pen. Code § 1370.2. The court has previously explained that a defendant in a criminal case has no constitutional right to the continuation of a prosecution against him. In the court's order of January 31, 2014, the court made clear that, for purposes of the Constitution or federal statute, there is no requirement that a criminal prosecution, once instituted, be continued to and through trial. See Doc. # 202 at 4-5. In the same order, the court also explained the limitations and narrowness of the Superior Court's ruling that Plaintiff was incompetent to stand trial as a defendant in a criminal matter and further explained that this determination, like the discontinuance of his criminal prosecution, does not raise any issue harm under the Constitution or under federal statute.

The court has previously explained, and now reiterates, that of all the harms that Plaintiff has alleged, the ones that are cognizable in this court are current claims under the Fourth Amendment for arrest without probable cause and unreasonable seizure. From the content of Plaintiff's current Motion to Stay and from the content of prior similar motions, it appears to the court that Plaintiff is of the opinion that it is not so important what injury was suffered, but rather how the injury came to be inflicted. Thus, in the present motion, it seems as though Plaintiff believes he can revive the previously dismissed claims against the previously dismissed Defendants by alleging facts to show that the proceedings in the Superior Court that resulted in the termination of the criminal cases against him and the finding of Plaintiff's incapacity to stand trial were a result of "fraud on the court." This is not the case. Plaintiff has previously accused this court of being uncaring about the malfeasance of the actors involved with his criminal cases and the fraud that was perpetrated by them in achieving the declaration of his incompetence to stand trial. The court has previously informed Plaintiff, and now does so again, that this court cannot address Plaintiff's claims arising from the dismissal of the criminal cases against him in Superior Court because this court lacks the jurisdiction to do so. Whether this court is in agreement with, or utterly outraged by, the decisions of the Superior Court makes no difference at all. This court cannot go where its jurisdictional powers do not exist. Because further supplementation or amendment of Plaintiff's First Amended Complaint to add the claims and the defendants that Plaintiff has specified in his Motion to Stay is futile for the reasons discussed above, the court will deny the motion.

*See Forte v. Merced County*, Case No. 1:11-cv-318-AWI-BAM, Doc. 271.

8

In sum, the Court previously reviewed Plaintiff's supplemental complaint —largely identical to the instant complaint currently before this Court for screening—and determined that the claims challenging Plaintiff's criminal court prosecution, the subsequent dismissal, and any fraud or conspiracy related to those claims was not cognizable.

Subsequently, on June 8, 2015, the Court granted Defendants' Motion for terminating sanctions pursuant to Federal Rule of Civil Procedure 11(b), 41(b), the Eastern District of California Local Rules, as well as the Court's inherent authority and dismissed *Forte I* with prejudice for Plaintiff's repeated failure to follow the Court's orders and continued bad faith and vexatious litigation.  (Docs. 300, 343).

In the instant FAC, Plaintiff again attempts to re-allege his previously dismissed claims and reassert claims that he attempted to supplement in *Forte I* against many of the same actors who were previously dismissed with prejudice.

## DEFICIENCIES IN THE COMPLAINT

As with his original complaint, Plaintiff's FAC suffers from several deficiencies. First, Plaintiff's FAC fails to comply with Federal Rule of Civil Procedure 8, 18, and 20 and fails to state a cognizable claim. Further, certain claims alleged in Plaintiff's FAC are barred as duplicative of claims brought in *Forte I*. Nonetheless, as Plaintiff is proceeding pro se, he will be given a final opportunity to amend Claims 2-6.  To assist him, Plaintiff is provided with the pleading and legal standards that appear applicable to his claims.  Plaintiff should amend only those claims that he believes, in good faith, are cognizable and only those claims which have not been asserted in another action filed in this court.

**A.      Pleading Standards**

**1.            Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

Plaintiff's amended complaint consists of a long and difficult to follow narrative that describes a series of unrelated instances described in no logical order where Plaintiff alleges he was the victim of various harms.  His complaint is neither short nor plain.  As a general matter, Plaintiff's complaint lacks relevant details regarding what happened, when it happened and who was involved.  Absent this basic factual information, the Court cannot find that Plaintiff states a cognizable claim.

### 2.        Legal Standards Governing Joinder of Parties and Claims

Plaintiff may not proceed in this action on a myriad of unrelated claims against different defendants in a single action. Fed. R. Civ. P. 18(a), 20(a)(2).  As an initial matter, Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980).  Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.  *Aul v. Allstate Life Ins. Co.*, 993 F.2d 881, 884 (9th Cir.1993); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). When there is a misjoinder of parties or claims, the court may on its own motion drop any party or sever any claim.  Fed.R.Civ.P. 21.

Plaintiff may not bring claims against unrelated defendants in this action.  As a basic matter, Plaintiff may not pursue a claim for unlawful arrest by officers, while simultaneously pursuing claims against reporters for violations of free speech.  Additionally, Plaintiff may not pursue incidents arising in Merced County with incidents arising in Los Banos.  Unrelated claims against different defendants do not belong in the same suit, to prevent the sort of morass of multiple claims, multiple defendant suit produces.   In a scattershot approach, Plaintiff lists a series of events and facts that he appears to suggest demonstrates violations of rights.  Plaintiff will not be permitted to proceed with disjointed

and unrelated claims and defendants, and the Court is not required to sort through Plaintiff's allegations in search of a viable claim.

If Plaintiff elects to amend his complaint, Plaintiff must choose which claims he wishes to pursue in this action. If Plaintiff does not do so and his second amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims.

### 3. Linkage Requirement

The Civil Rights Act, under which certain causes of action proceed, provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's complaint suffers from numerous linkage problems.  The entirety of Plaintiff's amended complaint is brought against all thirty-seven defendants.  Plaintiff fails to specifically link each individual defendants to conduct alleged in his claims for relief. Instead, Plaintiff merely lumps all "defendants" together in his claims, but fails to specify any particular facts against them individually.  As Plaintiff has been informed before, if Plaintiff elects to amend his complaint, he must allege what each individual defendant did or did not do that resulted in a violation of his constitutional rights.  Claims against named defendants cannot proceed without specific factual allegations against each defendant and a failure to remedy this deficiency will result in dismissal of those defendants.

### 4.      Plaintiff's Claims Pending in Other Cases

As discussed above, the Court notes that a number of Plaintiff's claims in this case are identical to those raised and screened, dismissed, adjudicated or pending in separate actions Plaintiff has filed in this district.  *See Forte v. Merced, et al*. 1:11-cv-318-AWI-BAM; *Forte v. Jones*, 1:11-cv-718 AWI BAM, and *Forte v. Hughes*, 1:13-cv-1980 LJO SMS. "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dep't of Health Servs.,* 487 F.3d 684, 688 (9th Cir. 2007)*, overruled on other grounds by Taylor v. Sturgell,* 553 U.S. 880, 904 (2008). "[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Id.* at 689.

Plaintiff is advised that, he will be given a final opportunity to file an amended complaint wherein he may clarify any claims which have not been raised and screened, dismissed, adjudicated or pending in separate action. However, he is strongly cautioned that any claims in a second amended complaint in this case, that are found to be identical to those raised in other cases, will be dismissed.

### 5.      Municipal Liability

A municipality may not be held responsible for the acts of its employees under a respondent superior theory of liability. *Monell*, 436 U.S. 658, 690-91; *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995). Rather, to state a claim for municipal liability, a plaintiff must allege that he suffered a constitutional deprivation that was the product of a policy or custom of the local government unit. *See City of Canton, Ohio, v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). A claim against a local governmental unit for municipal liability requires an allegation that "a deliberate policy, custom or practice ... was the 'moving force' behind the constitutional violation ... suffered." *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (citing *Monell*, 436 U.S. at 694–695.) To state a civil rights claim against a local government under *Monell*, a plaintiff must set forth facts alleging the following: (1) the local government official(s) must have intentionally violated the plaintiff's constitutional rights, (2) the violation must be a part of policy or custom and may not be an isolated incident, and (3) there must be a link between the specific policy or custom to the plaintiff's injury. *See Monell*, 436 U.S. at 690-92.

12

Here, Plaintiff has failed to identify any policy statements, regulations, officially adopted or promulgated decisions, customs, or practices by which any defendant allegedly inflicted the injuries about which Plaintiff is complaining.  Plaintiff has alleged a series of actions over a number of years but fails to clearly identify the policy he is challenging.  Further, Plaintiff is reminded that in any amended complaint he must select claims which do not violate Rules 8 and 18 and have not been raised in other cases in this court.

### 6.      Supervisory Liability

To the extent Plaintiff seeks to hold any defendant liable based upon their supervisory positions, he may not do so.  Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); accord *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

### 7.      Departments within a Governmental Entity

A claim for civil rights violations pursuant to 42 U.S.C. § 1983 requires a "person" who acted under color of state law. 42 U.S.C. § 1983. Local governmental units, such as counties or municipalities, are considered "persons" within the meaning of Section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Municipal departments and sub-units, including police departments, are generally not considered "persons" within the meaning of Section 1983. *United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir.2005) (Ferguson, J., concurring) (findings municipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983); *see also Sanders v. Aranas*, 2008 WL 268972, *3 (the Fresno Police Department is not a proper defendant because it is a sub-department of the City of Fresno and is not a person within the meaning of § 1983).

To the extent that Plaintiff names departments within the City of Los Banos, County of Merced, Board of Supervisors or any other department within a municipality, he may not do so. Sub-departments or bureaus of municipalities are not generally considered "persons" within the meaning of section 1983. *United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005) (Ferguson, J., concurring).

**8.     Private Actors**

Many of the named Defendants are private attorneys appointed or who had interaction with Plaintiff in his criminal proceedings or in the various civil actions filed by Plaintiff. These are not persons acting under color of state or federal law. *See Polk County v. Dodson*, 454 U.S. 312 (1981) (public defenders do not act "under color of state law" when performing traditional lawyer duties). "[P]rivate parties are not generally acting under color of state law," and the mere allegation that a private party was acting under color of state law does not make it so. *Price v. State of Hawaii*, 939 F.2d 702, 707–08 (9th Cir.1991); *Gauvin v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D. Cal.1988) ("The relationship between the state and the private actor which establishes state action must be pled in some detail"). A contractual relationship with a state actor does not convert a private business into a state actor itself, however. *Gauvin*, 682 F.Supp. at 1071 (private defendants who contracted with CalTrans not state actors under § 1983).

**9.     Immunity**

Prosecutors are immune from liability under 42 U.S.C. § 1983. *See Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir.2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.1986) (holding that prosecutors are immune from liability for damages under section 1983). To the extent Plaintiff alleges violations based upon prosecutorial conduct, prosecutors are absolutely immune.

In addition, government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment,

distraction, and liability when they perform their duties reasonably," *Pearson v. Callahan*, 555 U.S. 223, 231 (2009), and protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986).

### Plaintiff's Amended Complaint Fails to State a Claim

Although Plaintiff's amended complaint is not in compliance with Rule 8 or Rule 18, a review of Plaintiff's individual claims further reveals that Plaintiff fails to state a cognizable claim as explained in more detail below.

**A.     Claim One – Violation of 42 U.S.C. 1983**

Plaintiff's first claim for relief alleges unlawful arrest against all Defendants.  Specifically, Plaintiff alleges that Defendants Picinich, Jaskowiac, Hill, and Leuchner falsely arrested Plaintiff and provided false statements in their police reports.   FAC at ¶ 86.   Plaintiff adds that Defendant Supervisor O'Banion "was at all times informed of [Plaintiff's] grievances against Merced County officials, but O'Banion refused to act, and thereby, aided and abetted the crimes in violation of rights against [Plaintiff]." Lacking any other indication of a basis for Plaintiff's claim against O'Banion, the Court presumes the claim is based on supervisor liability. FAC at ¶ 87.   Plaintiff also claims entity liability against the County Defendants, its departments, and its officers in charge and claims that

> Plaintiff further alleges that the acts complained of are indicative and representative of its custom and policies and that said customs and policies are the direct and proximate result of the County's indifference to prosecution of individuals in retaliation for their exercise of their constitutional rights to freedom of speech and of the press under the First Amendment of the United States Constitution and their rights to petition for redress of grievances.

Plaintiff makes the same allegations against the City of Los Banos and individual Defendants Brizee and Parker.  FAC at ¶ 88, 89.  As against Defendants McClatchy Newspapers, the Los Banos Enterprise and individual Defendant reporters Lieb and Pride, Plaintiff alleges that those Defendants "intentionally defamed" Plaintiff and "ignor[ed] fair reporting laws" "in order to punish [Plaintiff] for" exercising his First Amendment Rights.  FAC at ¶ 90, 91. According to Plaintiff, the conduct by these collective Defendants was in retaliation for Plaintiff's publication of articles critical of the "District Attorney's Office, the Sheriff's Department, the Los Banos Police Department, McClatchy, the Los Banos Enterprise, and their respective defendant employees."  FAC at ¶ 91.

A review of this Court's records reveals that this is not the first time Plaintiff has attempted to

litigate these identical claims against these defendants. This is Plaintiff's second action challenging his 2009 arrest against these individual defendants, county defendants, and private individuals who reported details regarding his arrest. For example, in *Forte I*, Plaintiff alleged unlawful arrest claims against Defendants Picinich, Jaskowiac, Hill, Parker, Leuchner.  Plaintiff also alleged that "Defendant Supervisor O'Banion was at all times informed of [Plaintiff's] grievances against Merced County officials, but O'Banion refused to act, and thereby, aided and abetted the crimes in violation of rights against [Plaintiff]." *Forte I*, Doc. 11 at ¶ 139.  Further, the allegations against the county defendants, its departments, the City of Los Banos, McClatchy Newspapers, the Los Banos Enterprise, Defendants Lieb, Pride, Brizee and Parker were also adjudicated against these same Defendants in *Forte I*. Accordingly, because the allegations in Plaintiff's first claim for relief are substantively identical to claims previously decided in *Forte I*, the Court will determine whether Plaintiff's first claim for relief satisfies the requirements of res judicata.

The res judicata effect of a prior judgment may be examined by the court sua sponte. *McClain v. Apodaca*, 793 F.2d 1031, 1032-33 (9th Cir. 1986). An action may be summarily dismissed on the ground of res judicata if the defense appears from the face of the complaint. *Guam Inv. Co. v. Central Bldg., Inc.*, 288 F.2d 19, 24 (9th Cir. 1961). *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (stating that there is no abuse of discretion where a district court dismisses a complaint under § 1915 where the complaint merely repeats pending or previously litigated claims). In determining whether res judicata applies involves consideration of three factors including: (1) an identity of claims; (2) the existence of a final judgment on the merits; and (3) identity or privity of the parties. *See Turtle Island Restoration Network v. United States Dep't of State*, 673 F.3d 914, 917 (9th Cir. 2012).

First, the Court finds that there is an identity of claims between Plaintiff's claims presented in his prior case, *Forte I*, and Plaintiff's first claim for relief in this action. Like *Forte I*, Plaintiff's first claim for relief challenged Plaintiff's prior arrests by Picinich, Jaskowiac, Hill, and Leuchner. Also like claim one, *Forte I* challenged various governmental officials' failure to investigate various grievances alleged by Plaintiff, and the alleged erroneous reporting of events leading up to and after Plaintiff's 2009 arrests.  While the factual allegations are not entirely identical, both claims arose out

of the same transactional nucleus of facts: Plaintiff's 2009 arrests. *See Int'l Union of Operating Engineers-Employers Constr. Indus. Pension, Welfare & Training Trust Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993) ("Whether two events arise from the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together."); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) ("newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action."). Accordingly, the Court finds that there is an "identity of claims" between Plaintiff's prior action and claim one. Second, as discussed above, *Forte I* was dismissed with prejudice, constituting a final judgment on the merits. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005) ("'[F]inal judgment on the merits' is synonymous with 'dismissal with prejudice.'").

Finally, the Court also finds there is privity between the parties. To have res judicata effect upon a subsequent action, the actions must be "between the same parties or those in privity with them." *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 403 (1940). Here, eighteen of the Defendants in the present action are identical to the Defendants named at some point in *Forte I*. Accordingly, Plaintiff's first claim for relief should be DISMISSED WITH PREJUDICE as to Defendants Merced County, Larry Morse, Mark Pazin, Alan Turner, James Fincher, James Padron, Jerry O' Banion, Merced County Deputies Chris Jaskowiak, Chris Picinich, Mike Hill, Adam Leuchner, Merced County Sherriff's Department, Merced County Counsel's Office, City of Los Banos, LB Chief Gary Brizzee, LB Officer Anthony Parker, McLatchy Newspapers, and Corey Pride as they were all defendants named in *Forte I*.

To the extent that Plaintiff attempts to bring his first claim of relief against Defendants not named in *Forte I*, this claim is also dismissed as to those defendants because Plaintiff does not allege the required connection or link between each specific defendant's actions and the deprivation Plaintiff allegedly suffered. Plaintiff will be granted leave to amend claim one as to Defendants Eric Dumars, Jeff Berger, Roger Matzkind, Cindy Morse, Thomas Pfeiff, Dave Capron, Dr. Richard Blak, James Weakley, Larry Coombs, Herman Prock, Geoffrey Rogers, David Scott, Steve Rath, Merced County Administration Office, Merced County Defense Association, Merced County District Attorney's

Office, Merced County Counsel's Office, Merced County Public Defender's Office, Merced County Board of Supervisors.  In amending his complaint Plaintiff is reminded he must comply with Rule 8 and 18 and state the requisite causal connection.

**B.      Civil Conspiracy Claims Two and Five**

Plaintiff asserts in his second claim for relief that Defendants engaged in a civil conspiracy when Defendants attempted to have him declared mentally incompetent (when he was not) in his state court criminal case and subsequent federal civil rights action *Forte I, Forte v. County of Merced, et al*. 1-11-cv-0318 AWI-BAM. Plaintiff complains that in the criminal action, competency proceedings were initiated by all defendants involved.  FAC ¶ 46-47, 51.  Plaintiff alleges he was found mentally incompetent in order to adversely affect his federal civil rights action and to deny him the right to a fair trial in his criminal action.   After Plaintiff was found mentally incompetent in the criminal proceeding, Defendants initiated competency proceedings in *Forte I*. Plaintiff asserts efforts to have him declared incompetent were a part of a grand conspiracy to deny his constitutional rights.

In Plaintiff's fifth claim for relief, he alleges Defendants conspired to deprive him of his right to be free from unreasonable arrest and seizure, wrongful prosecution, and due process of law.  FAC at ¶ 118.   Plaintiff alleges that the acts of the conspiracy were his unlawful arrest, his subsequent prosecution and imprisonment.   FAC at ¶ 119.   Plaintiff also alleges that Defendants created false evidence against him and intentionally failed to investigate evidence related to his previous arrests. FAC at ¶ 119.   Plaintiff concludes that the conspiracy was designed to further prove his prior arrests despite his actual innocence. *Id.*

Plaintiff's allegations are insufficient to state valid claim for conspiracy under 42 U.S.C. 1983, 1985 or 1988.  A conspiracy claim brought under section 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (*quoting United Steel Workers of Am. v. Phelps Dodge Corp*., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of a constitutional right, *Hart v. Parks*, 450 F .3d 1059, 1071 (9th Cir. 2006) (*quoting Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Franklin*,

312 F.3d at 441 (*quoting United Steel Workers*, 865 F.2d at 1541).   Section 1985 prohibits conspiracies to interfere with certain civil rights. A claim under Section 1985 must allege facts supporting an allegation that the individual defendants conspired.

Plaintiff's conspiracy claims are dismissed with leave to amend. Plaintiff has failed to allege any plausible facts supporting the existence of a conspiracy among Defendants; his conclusory allegations that they engaged in a grand conspiracy consisting of over 37 participants in retaliation against him is not sufficient. Further there are no facts supporting how a conspiracy was formed or explaining how his injury resulted from a conspiracy. Instead, Plaintiff provides little more than a "mere allegation of conspiracy without factual specificity." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).   Consequently, Plaintiff's claims two and five for a conspiracy in violation of federal law lacks sufficient factual support, and is DISMISSED with leave to amend.

## C.     Claim Three – Fraudulent Investigation and Unlawful Seizure

Plaintiff's third claim for relief challenges the "fraudulent investigation and wrongful arrest, detention, prosecution, and incarceration by Defendants."  Plaintiff alleges that his arrest and detention violated his right to be free from unreasonable seizure.  FAC at ¶ 104. Plaintiff further alleges that the "fraudulent investigation" caused Plaintiff to suffer damages in "the form of costs incurred to defend against the prosecution."  FAC at ¶ 105.  Although stated differently, Plaintiff's third claim for relief appears to allege a malicious prosecution claim in addition to raising previously dismissed unlawful arrest claims.

Plaintiff's third claim for relief makes several allegations relating to the treatment he received relative to his underlying criminal prosecution. He brings his third claim against all defendants including several different attorneys including his court appointed attorney, a public defender and the other Merced county public defenders, the prosecuting District Attorneys, individual officers, police departments, municipal entities and others. None of his claims against these individuals, however, can survive screening.

As to Defendants Eric Dumars—Plaintiff's court appointed defense attorney—and Jeff Berger, Cindy Morse, Thomas Pfeiff, Dave Capron, the Merced County Defense Association and the Merced

County Public Defender's Office—other court appointed public defenders and related entities—their representation of plaintiff (if at all) in his criminal case does not subject them to liability under § 1983. Public defenders act as an advocate for their client and are not acting under color of state law for § 1983 purposes, nor are attorneys appointed by the court to represent a defendant in place of the public defender. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Dodson*, 454 U.S. at 320-25 (public defenders do not act "under color of state law" when performing traditional lawyer duties). Thus, all claims against defendants Eric Dumars, Jeff Berger, Cindy Morse, Thomas Pfeiff, Dave Capron, and the Merced County Defense Association, and the Merced County Public Defender's Office must be dismissed.

As to the district attorneys Larry Morse, Alan Turner, and the Merced County District Attorney's Office, prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the state. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). This immunity extends to actions during both the pre-trial and posttrial phases of a case. *See Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984). State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. *See Kalina v. Fletcher*, 522 U.S. 118, 123-25 (1997). Thus, to the extent Plaintiff is seeking relief against the district attorneys in their official capacity, such a claim would be barred. Similarly, supervisory personnel are generally not liable under § 1983 for the actions of their employees. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. *See id.* The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Thus, to the extent Plaintiff's claims are against district attorneys and district attorney supervisors, such allegations fail to state a claim.

Finally, as to the remaining Defendants Merced County, Mark Pazin, James Fincher, James Padron, Jerry O' Banion, Merced County Deputies Chris Jaskowiak, Chris Picinich, Mike Hill, Adam

Leuchner, Merced County Sherriff's Department, Merced County Counsel's Office, City of Los Banos, LB Chief Gary Brizzee, LB Officer Anthony Parker, McClatchy Newspapers, and Corey Pride Roger Matzkind, Dr. Richard Blak, James Weakley, Larry Coombs, Herman Prock, Geoffrey Rogers, David Scott, Steve Rath, Merced County Administration Office, Merced County Counsel's Office and the Merced County Board of Supervisors, plaintiff fails to make any specific allegations against these Defendants.  For example, its implausible to imagine that McClatchy Newspapers, reporters Gene Lieb and Corey Pride, or various officials from the Merced County Administrators office had any official role in the investigation, arrest, and/or prosecution resulting from Plaintiff's state court criminal case.  As stated above, to state a claim under 42 U.S.C. § 1983, plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. *See Monell*, 436 U.S. 658. Here, Plaintiff makes no specific allegations against these remaining Defendants, and therefore fails to meet this pleading standard. Thus, Plaintiff's third claim for relief must be dismissed against all Defendants with leave to amend.

**D.    Claim Four – Withholding Exculpatory Evidence**

Plaintiff's fourth claim for relief alleges that all Defendants illegally withheld exculpatory evidence—video surveillance recordings of courthouse cameras—that would have demonstrated evidence undermining the reason for his arrest. FAC at ¶ 111.

Due process requires a prosecutor disclose any material favorable to an accused even if it could not have been introduced as independent evidence of innocence. *Brady v. Maryland*, 373 U.S. 83 (1963); *see also Monroe v. Angelone*, 323 F.3d 286, 291 (4th Cir. 2003). Suppression of such evidence violates due process where the evidence is material either to guilt or punishment. *Brady*, 373 U.S. at 87-88.

Plaintiff's allegation that Defendants allegedly withheld exculpatory evidence is not alone a basis for a federal civil rights claim. Plaintiff does not allege constitutional harm by any nondisclosure and none is apparent as the state criminal charges were dismissed prior to trial. *See e.g., Monroe v. Angelone*, 323 F.3d 286, 291 (4th Cir. 2003) (Brady violation requires the suppression of exculpatory evidence affecting the outcome of trial); *Jammal v. Van De Kamp*, 926 F.2d 918, 919-920 (9th Cir. 1991) (failure to comply with state rules of evidence not necessarily a federal due process violation).

1    Plaintiff's fourth claim for relief is DISMISSED with leave to amend.

2    **E.      Claim Six - State Law Claim- Intentional Infliction of Emotional Distress**

3            Plaintiff's last cause of action alleges a state law claim of intentional infliction of emotional

4    distress. As Plaintiff has failed to state any cognizable federal claims, the Court will not exercise

5    supplemental jurisdiction over his state law claims at this time. 28 U.S.C. § 1367(c).

6            However, to the extent that Plaintiff seeks to pursue tort claims under California law, the

7    Government Claims Act requires exhaustion of those claims with the California Victim Compensation

8    and Government Claims Board, and Plaintiff is required to specifically allege compliance in his

9    complaint.  *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 208-09 (Cal. 2007); *State v. Superior*

10   *Court of Kings Cnty. (Bodde)*, 32 Cal.4th 1234, 1239 (Cal. 2004); *Mabe v. San Bernardino Cnty.*

11   *Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1111 (9th Cir. 2001); *Mangold v. California Pub. Utils.*

12   *Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).  Plaintiff has failed to allege such compliance or any

13   facts excusing such compliance.

14   **F.      Leave to Amend**

15          "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"

16   *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (quoting former

17   Fed. R. Civ. P. 15(a)).   As Plaintiff is proceeding pro se, he will be given a final opportunity to amend

18   claims 2-6 to cure the identified deficiencies.

19                                    **CONCLUSION AND RECOMMENDATIONS**

20           Plaintiff's amended complaint violates Federal Rules of Civil Procedure 8 and 18 and fails to

21   state a cognizable claim.  As noted above, the Court will provide Plaintiff with the final opportunity to

22   file a Second Amended Complaint on Claims 2-6 to cure the identified deficiencies.  *Lopez v. Smith*,

23   203 F.3d 1122, 1130 (9th Cir. 2000).  Plaintiff may not change the nature of this suit by adding new,

24   unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no

25   "buckshot" complaints).  In his amended complaint, Plaintiff shall choose which claims he wishes to

26   pursue in this action.

27           In the amended complaint, Plaintiff shall state as briefly as possible the facts of the case,

28   describing how **each defendant** is involved, and Plaintiff shall not give any legal arguments or cite to

                                                    22

any cases or statutes.  Plaintiff shall separate his claims, so that it is clear what the claims are and who the defendants involved are.  Further, for each claim, Plaintiff shall clearly and succinctly set forth the facts to state the acts or failure to act by **each Defendant** that led to a knowing violation of Plaintiff's federal rights.  A chronological listing of events, with conclusory recitation of elements fail to satisfy Plaintiff's pleading burden.

Plaintiff's amended complaint is limited to 25 pages, exclusive of exhibits.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, the Court RECOMMENDS as follows:

1.     For the reasons set forth herein, IT IS HEREBY RECOMMENDED that Plaintiff's Claim 1 be DISMISSED with prejudice, based on the doctrine of res judicata as to Defendants Merced County, Larry Morse, Mark Pazin, Alan Turner, James Fincher, James Padron, Jerry O' Banion, Merced County Deputies Chris Jaskowiak, Chris Picinich, Mike Hill, Adam Leuchner, Merced County Sheriff's Department, Merced County Counsel's Office, City of Los Banos, LB Chief Gary Brizzee, LB Officer Anthony Parker, McLatchy Newspapers, and Corey Pride as they were all defendants in named in *Forte I.*

2.     The remainder of Plaintiff's complaint is dismissed for failure to comply with Federal Rules of Civil Procedure 8, 18 and for failure to state a cognizable claim;

3.     Within thirty (30) days from the District Court's Order adopting these Findings and Recommendations, Plaintiff shall file a second amended complaint;

4.     Plaintiff's second amended complaint is **limited to 25 pages**, exclusive of exhibits, and it will be stricken from the record if it violates this page limitation; and

5.     **If Plaintiff fails to file a second amended complaint in compliance with these findings and recommendations, this action will be dismissed for failure to obey a court order.**

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14)**

**days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**January 13, 2016**__         ___/s/ *Barbara A. McAuliffe*___
                                           UNITED STATES MAGISTRATE JUDGE