UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE E. FORTE,<br><br>    Plaintiff,<br><br>    v.<br><br>MERCED COUNTY, ERIC DUMARS, LARRY MORSE, MARK PAZIN, JEFF BERGER, ALAN TURNER, JAMES FINCHER, ROGER MATZKIND, JAMES PADRON, CINDY MORSE, THOMAS PFEIFF, DAVE CAPRON, JERRY O'BANION, DR. RICHARD A. BLAK, LARRY COMBS, MERCED COUNTY DEPUTIES THOMAS CAVALERRO, CHRIS JASKOWIAK, CHRIS PICINICH, MIKE HILL, ADAM LEUCHNER, HERMAN PROCK, GEOFFREY ROGERS, DAVID SCOTT, MERCED COUNTY SHERIFF'S DEPARTMENT, CITY OF LOS BANOS, LB CHIEF GARY BRIZZEE, LB OFFICER ANTHONY PARKER, MERCED COUNTY ADMINISTRATION OFFICE, MERCED COUNTY DEFENSE ASSOCATION, MERCED COUNTY DISTRICT ATTORNEY'S OFFICE, MERCED COUNTY COUNSEL'S OFFICE, MERCED COUNTY PUBLIC DEFENDERS OFFICE, MERCED COUNTY BOARD OF SUPERVISORS, MCLATHCY NEWSPAPERS, COREY PRIDE, and DOES 1-25, individually and in their official capacity, et al.<br><br>    Defendants. | CASE NO. 1:15-cv-0147 DAD-BAM<br><br>**FINDINGS AND RECOMMENDATIONS DISMISSING  PLAINTIFF'S SECOND AMENDED COMPLAINT IN ITS ENTIRETY**<br><br>(Doc. 32)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR ECF PARTICIPATION**<br><br>(Doc. 34) |

Plaintiff Eugene Forte ("Plaintiff") is proceeding *pro se* and in forma pauperis in this civil rights action pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and under state law.  The Court screened Plaintiff's initial complaint and granted leave to amend.  (Doc. 7.) The Court also screened Plaintiff's First Amended Complaint and issued Findings and Recommendation to dismiss because it did not

state any cognizable claims. (Doc. 27). The Court granted Plaintiff a final opportunity to amend several of his causes of action which were not dismissed with prejudice. (Doc. 27, 31). Plaintiff's Second Amended Complaint is now before the Court for screening. (Doc. 32). As set forth below, the Court recommends that Plaintiff's Second Amended Complaint be dismissed with prejudice, for failure to state a claim.

## SCREENING REQUIREMENT

In cases in which the plaintiff is proceeding in forma pauperis, the Court must screen the complaint and dismiss it at any time that the Court concludes that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "Notwithstanding any filing fee, or portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While persons proceeding pro se actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129

S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**FACTUAL BACKGROUND**

An overview of Plaintiff's Second Amended Complaint ("SAC") reveals that the present suit was brought, in large part, by Plaintiff to recover damages from what he alleges is "unlawful conduct" at the hands of those directly or indirectly related to Plaintiff's state court mental competency proceedings. Plaintiff's Second Amended Complaint ("SAC") ¶ 46-53, Doc. 32. On January 28, 2013, after being arrested on at least two occasions, Plaintiff was ruled incompetent to aid his defense counsel in his underlying criminal court cases of *State v. Forte*, CRL 001412 and CRL 003409. SAC ¶ 49. The SAC charges that the manner in which the examination was conducted and the nature of the purported medical findings was all in an effort to "conceal that [Plaintiff] was falsely arrested and prosecuted in retaliation for exposing public official corruption, and for suing" various county officials. SAC ¶ 40. Plaintiff further alleges that his arrest, prosecution, mental competency determination, and the ultimate dismissal of his criminal case are all part of an overarching conspiracy to deprive him of his freedom of speech and other constitutional guarantees.

By way of background, the SAC explains that in September 2009, a misdemeanor criminal action was brought against Plaintiff, an online blogger and author of the Badger Flats Gazette, for his 2009 arrests. SAC ¶ 38, 47. The Merced County Superior Court appointed Eric Dumars, and the Merced County Defense Association as the conflict public defender in Plaintiff's case. SAC ¶ 38, 54, 60. During the prosecution of Plaintiff's state court criminal case, Attorney Dumars requested a mental competency proceeding against Plaintiff on September 17, 2012 (over Plaintiff's objections). SAC ¶ 61. Plaintiff alleges that during the mental competency proceedings, he was falsely diagnosed as suffering with a "severe mental delusional disorder (when he was not)." SAC ¶ 58. Plaintiff further alleges that Merced County Counsel Roger Matzkind and James Fincher misused the criminal process by orchestrating his criminal trials against him and by having Plaintiff declared mentally incompetent when he was not. FAC at ¶ 62.

While his criminal case was still pending, Plaintiff made repeated requests to Merced County Board of Supervisor Jerry O'Banion and Merced County Chief Executive Officer Larry Combs and numerous other officials to investigate Defendant Dumars because Plaintiff believed that Dumars had

intentionally provided inadequate legal representation in order to aid the criminal prosecution by various Defendants. SAC ¶ at 62. Defendants ignored Plaintiff's requests to launch an investigation into Dumars' conduct. SAC ¶ at 72. This, Plaintiff claims, is further evidence of the conspiracy. Further dissatisfied with his underlying criminal case, Plaintiff also filed a federal civil rights lawsuit in this court against numerous defendants in an effort to challenge his 2009 arrests and related prosecution, among other claims. *See Forte v. DA Larry Morse ("Forte I")*, 11-cv-0318 AWI BAM.

On January 28, 2013, Judge James Cadle ruled that Plaintiff was "suffering from a severe mental delusional disorder of the grandiose and persecutory type based on an opinion by Dr. Richard Blak." SAC ¶ 48. Shortly after being found mentally incompetent in the state court, Plaintiff alleges that Defendants Matzkind, Fincher, and Morse then attempted to have Plaintiff declared mentally incompetent in his civil rights case—*Forte I*. SAC ¶ 78. The District Court, however, found Plaintiff mentally competent to represent himself in *Forte I*. *Forte I*, Doc. 173. Nevertheless, Plaintiff maintains that the Defendants' efforts to have him declared mentally incompetent in *Forte I* and his underlying criminal case violated his civil rights.

Defendant Dumars eventually requested the dismissal of the criminal charges against Plaintiff (over Plaintiff's objections) but also requested that the state court fine Plaintiff $9,333.33 for the cost of his defense. SAC at ¶ 68. Judgment was entered against Plaintiff for $9,333.33. SAC at ¶ 68. Although Dumars secured a dismissal of Plaintiff's criminal charges, Plaintiff claims that his inadequate criminal defense by Dumars and the monetary fine were carried out maliciously in furtherance of a conspiracy against him. SAC at ¶ 72. Plaintiff also alleges that Dumars and others specifically sought to have Plaintiff's criminal charges dismissed without a trial so that Plaintiff would not amend his civil rights case in *Forte I* to include a claim for malicious prosecution. SAC ¶ 61.

Overall, Plaintiff alleges that the thirty-five defendants[1] in the pending SAC worked in concert in an elaborate civil conspiracy to deprive him of his constitutional rights. SAC ¶ 41. The conspiracy and alleged violations of constitutional rights center on complaints made by Plaintiff to various governmental officials about his arrests, which went unanswered, and then more specifically, to the

---

[1] Plaintiff's Second Amended Complaint omits claims against Defendants James Weakley and Steve Rath.

4

prosecution of the criminal actions which resulted from his two arrests. Plaintiff asserts that the prosecutions unconstitutionally declared him mentally incompetent when he was not, and as a result, denied Plaintiff a fair criminal trial. SAC at ¶ 92. Further, throughout his state court criminal case and his related civil case in this court, Plaintiff alleges that various actors, both public and private, orchestrated a conspiracy against him, to silence his efforts to expose public corruption in Merced County which infringed his rights to engage in protected speech and to petition for redress of his grievances.[2]

### DISCUSSION

### A. Plaintiff's First Cause of Action Against the Previous Eighteen Defendants is Barred

In his First Cause of Action entitled "Fraudulent Investigation as Cognizable under 42 U.S.C.A. 1983," Plaintiff re-alleges that Defendants Picinich, Jaskowiac, Hill, and Leuchner falsely arrested him in 2009 and provided false statements in their police reports. SAC at ¶ 94. Plaintiff also alleges that when he complained to the Merced County Board of Supervisors, and specifically to Defendant Supervisor O'Banion about his unlawful arrest and the "conspiracy to violate [his] civil rights," Defendant O'Banion failed to launch an investigation into Plaintiff's claims. SAC ¶ 57, 95. Plaintiff additionally alleges that the County of Merced, the City of Los Banos, and others applied customs and policies that resulted in Plaintiff's false arrest and wrongful prosecution. SAC ¶ 96-97. Overall, Plaintiff alleges that the falsification of facts underlying his 2009 arrests and the failure of certain county officials to respond to his requests to investigate the attorneys responsible for prosecuting his criminal case amount to a constitutional violation of Plaintiff's right to be free from unreasonable seizure. SAC ¶ 98.

A review of Plaintiff's SAC and the entire record in this case reveals that Plaintiff's First Cause of Action is barred by res judicata. On January 13, 2016, in its previous ruling, the Court conducted a screening of Plaintiff's First Amended Complaint, and found that this cause of action was

---

[2] Plaintiff adds additional loosely related allegations that Defendants withheld exculpatory evidence—video surveillance recordings of courthouse cameras—that would have established that his February 24, 2009, arrest was unlawful. SAC at ¶ 88. Plaintiff also includes allegations against Defendants Corey Pride and McClatchy Newspapers for publishing unfavorable coverage of Plaintiff's activities as part of the governmentally-directed conspiracy to silence Plaintiff. SAC at ¶ 90.

previously adjudicated against eighteen defendants including Defendants Merced County, Larry Morse, Mark Pazin, Alan Turner, James Fincher, James Padron, Jerry O' Banion, Merced County Deputies Chris Jaskowiak, Chris Picinich, Mike Hill, Adam Leuchner, Merced County Sherriff's Department, City of Los Banos, LB Chief Gary Brizzee, LB Officer Anthony Parker, McLatchy Newspapers, Gene Lieb, and Corey Pride in *Forte I* and therefore Plaintiff's First Cause of Action was barred by the doctrine of res judicata.

Plaintiff's First Cause of Action is virtually identical to the First Cause of Action alleged in Plaintiff's First Amended Complaint, against which res judicata applies. There is no question that Plaintiff is attempting to re-litigate the same claims against the same parties dismissed in *Forte I*. Because the claims alleged in Plaintiff's First Cause of Action were previously dismissed with prejudice against the eighteen defendants as absolutely barred pursuant to the doctrine of res judicata, Plaintiff's First Cause of Action against the eighteen defendants must again be dismissed with prejudice and without leave to amend.

**B.     Plaintiff's First Cause of Action Against the Remaining Seventeen Defendants Fails to State a Claim**

Plaintiff also re-alleges his First Cause of Action against seventeen Defendants not named in *Forte I*.[3] However, a review of the SAC reveals that his First Cause of Action does not state a cognizable claim against these defendants and that several of his allegations are barred for the reasons set forth below.

**1.     Plaintiff's Failure to Investigate Claims Lack a Constitutional Basis**

With respect to Defendant Larry Combs, Plaintiff alleges that on September 18, 2012, he sent a letter to Defendant Combs, the acting Merced County Chief Executive Officer, requesting that he investigate Plaintiff's allegations of a conspiracy to violate his civil rights. SAC at ¶ 57, 62. Defendant Combs ignored Plaintiff's request to launch an investigation. This inaction, Plaintiff alleges, violated

---

[3]     Eric Dumars, Jeff Berger, Roger Matzkind, Cindy Morse, Thomas Pfeiff, Dave Capron, Dr. Richard Blak, Larry Coombs, Thomas Cavalerro, Herman Prock, Geoffrey Rogers, David Scott, Merced County Sheriff's Department, Merced County Administration Office, Merced County Defense Association, Merced County District Attorney's Office, Merced County Counsel's Office, Merced County Public Defender's Office, Merced County Board of Supervisors.

his civil rights. Plaintiff further alleges that Defendant Combs is liable for the "unconstitutional conduct" endured by Plaintiff and "the resulting injuries including the fine of $9,333.33." SAC ¶ 72.

Defendant Combs' failure to respond to Plaintiff's complaint letters does not create a cause of action under § 1983. *Bates v. City of San Jose*, 2016 U.S. Dist. LEXIS 76676 (N.D. Cal. June 10, 2016). In *Bates*, Plaintiff wrote letters reporting members of the City Attorney's office for allegedly presenting false information to the court in an underlying lawsuit. *Bates*, 2016 U.S. Dist. LEXIS at *2. Plaintiff subsequently filed a § 1983 federal civil rights claim alleging that various city officials, councilmembers, and the Mayor of the City of San Jose failed to initiate an investigation into his complaints. *Id.* at *3. The Northern District of California dismissed Plaintiff's failure to investigate claims with prejudice because a city officials failure to respond to "complaint letters and posts on Facebook [did] not create a cause of action under § 1983." *Id*. at *8-9. In *Carlson v. Cty. of Los Angeles*, 2014 U.S. Dist. LEXIS 181185, 2015 WL 365994, at *11 (C.D. Cal. Jan. 27, 2015), the Central District of California dismissed a § 1983 claim against a Los Angeles County Supervisor because "the only factual allegation Plaintiffs make against Supervisor Antonovich is that Plaintiffs wrote letters in 2010 complaining about [the County of Los Angeles Department of Children and Family Services], to which Antonovich failed to respond. This is insufficient to state a viable § 1983 claim." *Id.* at * 27.

Similarly, here, city official Larry Combs did not have a duty to investigate alleged misconduct by the Public Defender's office in response to Plaintiff's letters. *See Lacy v. Cty. of San Diego*, 2012 U.S. Dist. LEXIS 133438, 2012 WL 4111507, at *7 (S.D. Cal. Sept. 18, 2012) (dismissing § 1983 claim against individual because the plaintiff failed "to cite any authority suggesting that Donahue—as an individual employee in the County of San Diego's Internal Affairs unit—could be liable under section 1983 for failure to investigate"). Therefore, Plaintiff has not alleged a proper § 1983 violation for Defendant Combs' failure to heed Plaintiff's request for an investigation.

In addition, to the extent that Plaintiff alleges that Combs was acting within the scope of his position as the head of the Merced County Board of Supervisor's or took some kind of legislative stance with respect to Plaintiff's criminal case, Defendant Combs would be entitled to legislative immunity. The Supreme Court has long held that "legislators are absolutely immune from liability for

their legislative activities." *Bogan v. Scott-Harris*, 523 U.S. 44, 48 (1998). Furthermore, local legislators, such as members of a county board of supervisors, are "likewise absolutely immune from suit under § 1983 for their legislative activities." *Id*. at 49. "Absolute legislative immunity attaches to all actions taken 'in the sphere of legitimate legislative activity.'" *Id.* at 54 (*citing Tenney v. Brandhove*, 341 U.S. 367, 376 (1951). "Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." *Bogan*, 523 U.S. at 54.

Moreover, government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional right. *See Anderson v. Creighton*, 483 U.S. 635, 638 (1987) (holding that government officials performing discretionary functions generally have qualified immunity, shielding them from civil damages liability as long as actions could reasonably have been thought consistent with rights they are alleged to have violated).

In light of the above, the Court finds that Defendant Combs' failure to investigate a citizen complaint, in and of itself, does not present a cognizable claim under § 1983. Thus, Plaintiff's fraudulent investigation claims against Defendant Combs should be dismissed.

### 2.     Plaintiff's *Brady* Claims Should Be Dismissed

Plaintiff additionally alleges that Merced County Executive Officer Larry Combs, and Officers Thomas Cavalerro, Herman Prock, Geoffrey Rogers, and David Scott falsified police reports and failed to disclose several pieces of evidence that established Plaintiff's innocence of the conduct underlying his 2009 arrests.  SAC ¶ 17, 22, 82, 87, 88. Plaintiff does not allege a "malicious prosecution claim" but instead alleges that these Defendants "destroyed" and withheld "exculpatory evidence."  SAC ¶ 87, 88.

To the extent that Plaintiff alleges a violation of his civil rights for destruction or falsification of evidence related to his criminal trial, Plaintiff cannot state a cognizable claim. Section 1983 actions may support violations of a criminal defendant's *Brady v. Maryland*, 373 U.S. 83 (1963) due process right of access to exculpatory material.  The elements of a valid *Brady* claim are: (1) the prosecution must suppress or withhold evidence, (2) which is favorable, and (3) material to the defense. *Moore v. Illinois*, 408 U.S. 786, 794-95 (1972). However, failure to disclose evidence is a violation only if the

evidence is "material"—meaning that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Kyles v. Whitley* 514 U.S. 419, 433 (1995).

Here, Plaintiff has not suffered a criminal conviction. The criminal case was dismissed and therefore any violation of *Brady* for failure to provide exculpatory material is moot. *See Puccetti v. Spencer*, 476 Fed. Appx. 658, 2011 WL 6292200, *1 (9th Cir. 2011) (unpublished) (Ninth Circuit held that where a Plaintiff's criminal charges were dismissed, the plaintiff could not show that any suppressed evidence could have produced a different result at trial).[4] A *Brady* violation therefore cannot occur where there is no conviction. *See also Dinius v. Perdock*, No. C 10-3498 MEJ, 2012 U.S. Dist. LEXIS 72722, 2012 WL 1925666, at *5-6 (N.D. Cal. May 24, 2012) (dismissing with prejudice plaintiff's Section 1983 claim under *Brady* because he had been acquitted in the underlying criminal matter).

Accordingly, Plaintiff's claim alleging that Defendants Combs, Cavalerro, Prock, Rogers, and Scott violated his constitutional rights by failing to disclose exculpatory evidence should be dismissed with prejudice and without leave to amend because no cognizable claim exists under § 1983 for the alleged violation.

### 3. Improper Defendants

The Court also finds that to the extent Plaintiff names the entire Merced County Sheriff's Department, the Merced County Administration Office, and the Merced County Board of Supervisors, his claims should be dismissed *sua sponte* pursuant to both 28 U.S.C. § 1915(e)(2) and § 1915A(b) for failing to state a claim upon which § 1983 relief can be granted.

A claim for civil rights violations pursuant to 42 U.S.C. § 1983 requires a "person" who acted under color of state law. 42 U.S.C. § 1983. Local governmental units, such as counties or municipalities, are considered "persons" within the meaning of Section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70 (1989). Municipal departments and sub-units, including police departments, are generally not considered "persons" within the meaning of Section 1983. *United*

---

[4] Pursuant to Federal Rules of Appellate Procedure 32.1, the Court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007. U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1

*States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (findings municipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983); *see also Sanders v. Aranas*, 2008 WL 268972, *3 (the Fresno Police Department is not a proper defendant because it is a sub-department of the City of Fresno and is not a person within the meaning of § 1983).

Plaintiff was warned in two prior screening orders that he could not allege claims against sub-departments including the Merced County Sheriff's Department, the Merced County Administration Office, and the Merced County Board of Supervisors. (Doc. 7 at 11); (Docs. 27 at 14). Deficiencies against these sub-departments cannot be cured by further amending the complaint. Therefore, Plaintiff should not be granted to leave to amend claims against these defendants.

### 4. Immunity

Finally, although it is clear to the Court that Plaintiff's First Cause of Action fails to state a cognizable claim on the grounds already discussed, it also appears that Plaintiff cannot state a cognizable claim against many of the named defendants because they are immune from suit.

As to Defendants Eric Dumars—Plaintiff's court appointed defense attorney—and Jeff Berger, Cindy Morse, Thomas Pfeiff, Dave Capron, the Merced County Defense Association, and the Merced County Public Defender's Office—other court appointed public defenders and related entities—their representation of plaintiff (if at all) in his criminal case does not subject them to liability under § 1983. Public defenders act as an advocate for their client and are not acting under color of state law for § 1983 purposes, nor are attorneys appointed by the court to represent a defendant in place of the public defender. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County v. Dodson*, 454 U.S. 312, 320-25 (public defenders do not act "under color of state law" when performing traditional lawyer duties). Thus, all claims against defendants Eric Dumars, Jeff Berger, Cindy Morse, Thomas Pfeiff, Dave Capron, and the Merced County Defense Association, and the Merced County Public Defender's Office fail to state a cognizable claim and must be dismissed.

As to the district attorneys and county counsel, Roger Matzkind, Larry Morse, Alan Turner, the Merced County District Attorney's Office, and the Merced County Counsel's office, prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as

advocate for the state. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). This immunity extends to actions during both the pre-trial and post-trial phases of a case. *See Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984). State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. *See Kalina v. Fletcher*, 522 U.S. 118, 123-25 (1997). Thus, to the extent Plaintiff is seeking relief against the district attorneys in their official capacity, such a claim would be barred. Similarly, supervisory personnel are generally not liable under § 1983 for the actions of their employees. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. *See id.* The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Thus, to the extent Plaintiff's claims are against district attorneys, district attorney supervisors, or any other prosecutor commencing an action in court, such allegations fail to state a claim.

Likewise, Dr. Richard Blak enjoys absolute immunity for evaluating Plaintiff's competency at the state court's request. *See Kulas v. Valdez*, 159 F.3d 453 (9th Cir. 1998) (court-appointed psychiatrist who conducted competency examination of a criminal defendant entitled to immunity in performance of such functions); *see also McArdle v. Tronetti*, 961 F.2d 1083, 1085 (3rd Cir. 1992) (psychiatrist who performed evaluation of prisoner at court's request was entitled to absolute immunity); *Morstad v. Dep't of Corr, & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998) (psychologist who evaluated probationer pursuant to court order was absolutely immune from section 1983 damages).

### 5. Dismissal With Prejudice

For the reasons mentioned above, the Court cannot discern any possibility that amendment of Plaintiff's First Cause of Action could plausibly state a claim under § 1983.  Although the chance to amend should be liberally given, especially in the case of a *pro se* litigant, the Court finds that Plaintiff's remaining allegations in his First Cause of Action fail to comply with Rule 8, 18 and 20 and fail to state a cognizable claim.  Plaintiff cannot plausibly allege facts making it a violation of federal

11

constitutional law for city officials to fail to investigate Plaintiff's misconduct complaints expressed in written in letters nor can Plaintiff state a civil *Brady* claim for his dismissed criminal charges.  Any remaining allegations are brought against local government units, government prosecutors, and public defenders who are immune from suit in this action.

Because there are no set of facts that Plaintiff can allege to make these claims viable, his First Cause of Action should be dismissed with prejudice and without leave to amend. *Lopez v. Smith*, 203 F.3d at 1127.

**C.    Plaintiff Has Failed to State a Civil Conspiracy Claim Pursuant to 42 U.S.C. § 1983**

In his Second Cause of Action, Plaintiff alleges that the thirty-five governmental and private defendants conspired to deprive him of his civil rights through a "concerted and agreed upon campaign to intimidate and punish Plaintiff for exercising his [civil rights]" through the commission of two wrongful arrests in 2009, excessive force in making those arrests, and initiating mental competency proceedings against him in both the state and federal court. SAC ¶ 111.

To state a claim for conspiracy under section 1983, Plaintiff must allege the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Franklin*, 312 F.3d at 441 (*quoting United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1541 (9th Cir. 1989)).

In the preceding screening order, Plaintiff was ordered to provide sufficiently specific factual allegations to support his claims, particularly with respect to his claims of conspiracy.  Instead of presenting specific allegations demonstrating that Defendants each shared the common objective of the conspiracy, Plaintiff merely realleges the already-found deficient allegations from his First Amended Complaint; including, that a civil conspiracy existed among the Defendants to "deprive Plaintiff of civil rights through a concerted and agreed upon campaign to intimidate and punish Plaintiff for exercising his [civil rights]."  FAC ¶ 99.  Presenting virtually identical allegations as those dismissed in his FAC does not comply with the Court's order.

As stated previously, Plaintiff's conspiracy claims are entirely conclusory. Plaintiff repeatedly accuses everyone involved with his criminal case with lying, conspiring against him, falsifying evidence, retaliating against him for his efforts to eliminate corruption, and conspiring to have him evaluated for competency to proceed in his criminal and civil case. Plaintiff, however, fails to set forth the factual support for his conclusions. Plaintiff cannot transmute the normal process of criminal investigation and prosecution into a conspiracy against him by just by labeling it a conspiracy. Simply stating there was a conspiracy between police officers, county officials, prosecutors, public defenders, a newspaper company, news reporters, and a court appointed psychologist is insufficient. Despite being provided with the appropriate legal standards, guidance from the Court and opportunities to cure the deficiencies, Plaintiff has been unable to do so. Accordingly, Plaintiff's conspiracy claim should be DISMISSED without leave to amend and with prejudice for failure to state a claim for relief.

Even if Plaintiff had alleged facts sufficient to demonstrate the existence of a conspiracy, his allegations fail to show any cognizable constitutional violations. The constitutional challenges of wrongful arrest and excessive force leading up to and including Plaintiff's 2009 arrests were the subject of his previous action in *Forte I*. Those claims were dismissed with prejudice. *Forte I*, Doc. 300, 343. What remains are Plaintiff's allegations concerning his state criminal proceedings, *i.e.* his mental competency exam and the dismissal of his criminal charges. However, these allegations do not constitute a cognizable deprivation of a constitutional right. That Plaintiff was denied the right to a completed criminal prosecution against him is not a cognizable constitutional violation. Plaintiff was informed repeatedly of this noncognizable claim in *Forte I*. *See Forte I*, Doc. 202 at 4.

The District Court in *Forte I* held that,

> The court can assure Plaintiff in no uncertain terms that there is no right under federal law or the Constitution of the United States to the completion of a prosecution once it has commenced. So far as federal law is concerned, a district attorney or a government attorney in a federal criminal case can cease the prosecution of a criminal complaint and dismiss the case at any point and at his or her sole discretion. If any right to the completion of a prosecution in a criminal case exists under California law, Plaintiff is free to bring such a claim for violation of that right in a state court but he may not do so in this court because no federally recognized right is implicated.

*See Forte I*, Doc. 202 at 4

Plaintiff's challenge to his mental competency exam suffers the same fate. Since there is no right to the completion of a criminal prosecution under federal law or under the Constitution, no constitutional or federally recognized injury could have resulted from the allegedly conspiratorial psychological examination.[5] Again, Plaintiff was alerted to this fact in *Forte I*, where the District Court stated:

> If there is an independent right to a psychological examination that meets certain standards, then it is up to Plaintiff to point out where that right is to be found. The court knows of no such right. Plaintiff has made reference on other occasions to Joseph Stalin's use of commitment of political dissidents to "psychiatric hospitals" for the purpose of their elimination and suggests that something similar is going on in Merced. Joseph Stalin used the excuse of "psychology" to imprison his political enemies. In this case psychology was used, if at all, to avoid the possibility of imprisonment. The difference makes a difference. As noted, there is no personal right known to this court for an individual to demand he be put in jeopardy of imprisonment.

*Forte I*, Doc. 202 at 5.

While Plaintiff is proceeding *pro se*, and his pleadings are liberally construed; considering the minimal changes between the FAC and the SAC, his repeated failure to allege any factual support suggesting an actual agreement between defendants (ie "meeting of the minds,"), and his incorrect insistence that his dismissed criminal prosecution and competency examinations are constitutional violations, leave to amend would be futile and Plaintiff cannot cure the defects. The cause of action should be dismissed without leave to amend and with prejudice.

**D.    Plaintiff Has Failed to State a Claim Pursuant to 42 U.S.C. § 1985 and § 1986.**

Plaintiff's final two conspiracy claims purport to set forth violations of 42 U.S.C. § 1985 and 1986. Both claims are subject to dismissal.

To state a claim under 42 U.S.C. § 1985, Plaintiff must allege a conspiracy motivated by race or class-based, invidious animus. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-

---

[5]    To the extent that Plaintiff is alleging that Defendants' request—made in *Forte I*—to have him mentally evaluated pursuant to Federal Rule of Civil Procedure 17(c) violated his constitutional rights, Plaintiff's challenge further fails. Compliance with a Federal Rule of Civil Procedure is not a constitutional violation. Rule 17(c) mandates that a district court appoint a guardian ad litem for unrepresented parties it determines to be incompetent. Fed. R. Civ. P. 17(c). Where there is a substantial question regarding the mental competence of a *pro se* party, the district court shall conduct a competency hearing. *Krain v. Smallwood*, 880 F.2d 1119 (9th Cir. 1989). As Plaintiff has been previously informed, it is not a constitutional violation for the Court to attempt to resolve the issue of competency; indeed, in Federal court, it is a required under the Federal Rules of Civil Procedure.

14

68 (1993); *Butler v. Elle*, 281 F.3d 1014, 1028 (9th Cir. 2002). "To state a claim for conspiracy to violate constitutional rights, the plaintiff must state specific facts to support the existence of the claimed conspiracy." *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 929 (9th Cir. 2004) (citation and internal quotations omitted).

Here, Plaintiff's allegations are insufficient to state a § 1985 conspiracy. Plaintiff fails to allege any facts which demonstrate that there was a conspiracy, or that any deprivation of rights was racial or class-based in motivation. Mere allegations of conspiracy without factual specificity are insufficient. *See Iqbal*, 556 U.S. at 679 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Olsen*, 363 F.3d at 929 (dismissal of section 1985(2) claim proper where plaintiff "failed to allege sufficiently that the appellees conspired to violate her civil rights").

Similarly, Plaintiff cannot state any claim pursuant to § 1986 because he fails to state a valid claim under § 1985. Section 1986 imposes liability on every person who knows of an impending violation of 42 U.S.C. § 1985 but neglects or refuses to prevent the violation. However, "a cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim for relief under section 1985." *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985); *Rasmussen v. City of Redondo Beach*, No. 07-7743, 2008 U.S. Dist. LEXIS 115466, 2008 WL 4450322, at *9 (C.D. Cal. Sept. 29, 2008). There are no facts asserted in the Second Amended Complaint to support a § 1986 claim, as there is no basis to assert that any of the alleged conduct on the part of Defendants was racially motivated or class based under the analysis of § 1985.

"Generally, a district court should allow a plaintiff to amend the pleadings when a § 1985 claim is insufficiently plead." *Olsen*, 363 F.3d at 930. If, however, the allegations pertaining to an underlying violation of 42 U.S.C. § 1985 are meritless at their core, and where there are no facts to state liability for any wrongful conduct, dismissal with prejudice is appropriate. *Id.* Here, Plaintiff has consistently alleged throughout this action and in his previous action in *Forte I,* that his claims are based on a First Amendment violation of Free Speech, not race. Indeed, Plaintiff's § 1985 claim does not allege that Defendants were motivated by a racial bias but that Defendants were motivated "by an evil motive and intent" and that their actions were in "retaliation for [Plaintiff] having filed a lawsuit

against DA Larry Morse…, [Plaintiff's] writing about public corruption in Merced County, and his filing a lawsuit…that [Plaintiff] prevailed upon in June 2014." SAC ¶ 120-121. Plaintiff has arguably had over five years to allege a race based animus against him and yet his initial and amended complaints do not suggest or even hint at a racial prejudice behind the Defendants' conduct. Plaintiff further fails to identify any proper suspect class of which he could be a member. Thus, Plaintiff's claim under § 1985 lacks an arguable basis in law. *See Saint Francis College v. Al-Kharraji*, 481 U.S. 604, 613 (1987); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). It is therefore not possible that upon amendment Plaintiff could, in good faith, allege facts supporting a notion that his allegations of conspiracy were motivated by some element of a race or class-based animus. To put it plainly, since Plaintiff cannot in good faith represent that Defendants pursued a conspiracy against him based on his race or membership in a protected class, leave to amend these claims should not be granted.[6]

Accordingly, the Court recommends that Plaintiff's third and fourth cause of action be dismissed with prejudice and without leave to amend.

### E. Plaintiff Has Failed to State a Civil RICO Claim

Plaintiff's SAC also attempts to assert a RICO cause of action against all defendants. SAC ¶ 124. The Racketeer Influenced and Corrupt Organizations Act ("RICO") authorizes a private right of action by "[a]ny person injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c). In order to state a civil RICO claim, a plaintiff must sufficiently allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff's business or property." *Rezner v. Bayerische Hypo-Und Vereinsbank AG*, 630 F.3d 866, 873 (9th Cir. 2010).

To have standing to bring a claim under section 1964(c), a plaintiff must show that the racketeering activity was both a but-for and proximate cause of his injury. *Hemi Group, LLC v. City of New York, N.Y.*, 559 U.S. 1 (2010). To meet the proximate cause requirement there must be "some direct relation between the injury asserted and the injurious conduct alleged." *Rezner*, 630 F.3d at 873

---

[6] The Ninth Circuit has recognized that lower courts should exercise restraint in extending § 1985(3) beyond racial prejudice. *See Butler v. Elle*, 281 F.3d 1014 (9th Cir. 2002). "In other words, § 1985(3) should "not be extended to every class which the artful pleader can contrive." *Id.* at 1028.

16

(*quoting Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992)). This requires the court to examine the alleged violation to determine if it led directly to plaintiff's injuries. *Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 982 (9th Cir. 2008). Further, "RICO does not provide a cause of action for all types of injury to property interests, but only for injuries resulting in 'concrete financial loss.'" *Diaz v. Gates*, 420 F.3d 897, 898 (9th Cir. 2005).  This requires a plaintiff to demonstrate a concrete financial loss to his business or property. *Guerrero v. Gates*, 442 F.3d 697, 707 (9th Cir. 2003).

The focus of RICO is racketeering activity which is defined "as a number of specific criminal acts under federal and state laws[,]" such as "an act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical . . . ." 18 U.S.C. § 1961(1); *Canyon County*, 519 F.3d at 972. Two predicate acts within a period of ten years are required to show a pattern of racketeering activity. 18 U.S.C. § 1961(5); *Canyon County*, 519 F.3d at 972.

Plaintiff's claims under RICO would arise under 18 U.S.C. §1962(c) which provides that it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."  To be liable under the statute an individual must have participated in the operation or management of the enterprise. *Reves v. Ernst & Young*, 507 U.S. 170, 183 (1993).  An individual with no managerial control over the enterprise is generally not liable under section 1962(c). *Pedrina v. Chun*, 97 F.3d 1296, 1300 (9th Cir. 1996).

Plaintiff fails to state a proper RICO claim for several reasons.  First, Plaintiff fails to include any factual support for his RICO claim.  Plaintiff does not allege which prohibited activities he is contending were violated by the acts alleged in the complaint. Nor does the complaint allege a pattern of racketeering activity by any defendant. Plaintiff merely points to the entire SAC to support his RICO claim: "Plaintiffs re-allege and reincorporate each and every allegation contained in all previous paragraphs of all previous sections, Claims, and Causes of Action in this Complaint, inclusive, as though fully set forth herein."  SAC ¶ 124.  Plaintiff's vague reference to the entire amended

complaint fails to allege specific allegations against specific Defendants, and therefore is insufficient to state a plausible claim for a violation of RICO.[7]

Second, even considering the other allegations in his complaint, Plaintiff's general allegations that Defendants conspired to violate his Freedom of Speech and other civil rights are not acts that are "racketeering activity" as defined by section 1961(1). Civil rights violations do not fall within the statutory definition of "racketeering activity." *See Bowen v. Oistead,* 125 F.3d 800, 806 (9th Cir. 1997), *cert. denied,* 524 U.S. 938 (1998) (affirming dismissal without leave to amend of a plaintiff's "frivolous" RICO claim because even if the defendant officials' alleged misconduct violated plaintiff's civil rights, their acts did not qualify as predicate acts of racketeering activity under § 1961(1)). Plaintiff's RICO claims are predicated on the same noncognizable acts underlying his § 1983 claims, *i.e.* his criminal prosecution and mental competency hearing. These entirely lawful practices cannot constitute racketeering as a matter of law. Finally, many of the named defendants here are sued in their official capacity and as government entities they cannot form the requisite criminal intent to be sued under RICO. *Pedrina*, 97 F.3d at 1300.

While, in a typical case, a plaintiff would be granted leave to amend, other fatal flaws in this RICO claim as noted above preclude amendment. Plaintiff fails to state a claim under RICO which cannot be cured by amendment. Accordingly, Plaintiff's claim for a violation of RICO should be dismissed with prejudice and without leave to amend.

**F.    State Law Claim Under California Law**

Plaintiff's last cause of action alleges a state law claim for intentional infliction of emotional distress. As Plaintiff has failed to state any cognizable federal claims, the Court will not exercise supplemental jurisdiction over his state law claims. 28 U.S.C. § 1367(c).

Further, as stated in the preceding screening order, Plaintiff was alerted that he may not maintain a tort action for damages against a public employee unless he has complied with the California Tort Claims Act ("CTCA") via presentation of a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. *See* Cal.

---

[7] While failure to allege facts may give rise to leave to amend, Plaintiff cannot state a cognizable RICO claim as explained *infra*.

Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). Plaintiff is required to allege facts demonstrating that he has complied with CTCA's presentation requirement to adequately plead a state tort claim. *State of California v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1243-44 (2004), *see also Mangold*, 67 F.3d at 1477 (timely compliance required). Plaintiff was warned in the prior screening order that failure to allege compliance constitutes a failure to state a claim.

Plaintiff has again failed to allege facts to show that he timely complied with the CTCA. Accordingly, Plaintiff's intentional infliction of emotional distress claim under California law should be dismissed since Plaintiff has failed to allege compliance with the CTCA.  Given that this is Plaintiff's third opportunity to properly allege a state law claim and he has failed to do so, his claim should be dismissed without leave to amend.

## CONCLUSION AND RECOMMENDATIONS

Plaintiff's complaint fails to state a cognizable federal claim.  Despite being given multiple opportunities to amend and being provided the applicable legal standards, Plaintiff has been unable to cure the deficiencies of his claims and further leave to amend is not warranted.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Based on the foregoing, it is **HEREBY RECOMMENDED** that:

1. This action be dismissed for failure to state a cognizable claim; and

2. Plaintiff's request to file documents electronically in the Court's CM/ECF system be DENIED.  (Doc. 34).

///
///
///
///
///
///
///
///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __August 11, 2016__         /s/ *Barbara A. McAuliffe*         _
                                                  UNITED STATES MAGISTRATE JUDGE