UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE E. FORTE,<br><br>           Plaintiff,<br><br>      v.<br><br>MERCED COUNTY, ERIC DUMARS, LARRY MORSE, MARK PAZIN, JEFF BERGER, ALAN TURNER, JAMES FINCHER, ROGER MATZKIND, JAMES PADRON, CINDY MORSE, THOMAS PFEIFF, DAVE CAPRON, JERRY O'BANION, DR. RICHARD A. BLAK, JAMES WEAKLEY, LARRY COMBS, MERCED COUNTY DEPUTIES THOMAS CAVALERRO, CHRIS JASKOWIAK, CHRIS PICINICH, MIKE HILL, ADAM LEUCHNER, HERMAN PROCK, GEOFFREY ROGERS, DAVID SCOTT, MERCED COUNTY SHERIFF'S DEPARTMENT, CITY OF LOS BANOS, STEVE RATH, LB CHIEF GARY BRIZZEE, LB OFFICER ANTHONY PARKER, MERCED COUNTY ADMINISTRATION OFFICE, MERCED COUNTY DEFENSE ASSOCATION, MERCED COUNTY DISTRICT ATTORNEY'S OFFICE, MERCED COUNTY COUNSEL'S OFFICE, MERCED COUNTY PUBLIC DEFENDERS OFFICE, MERCED COUNTY BOARD OF SUPERVISORS, MCLATHCY NEWSPAPERS, COREY PRIDE, and DOES 1-25, individually and in their official capacity, et al.<br><br>           Defendants. | CASE NO. 1:15-cv-0147 DAD-BAM<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY OR RECUSE**<br><br>(Doc. 35) |

     Plaintiff Eugene Forte ("Plaintiff") is proceeding *pro se* and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, *et al*. Pending before the Court is Plaintiff's motion to disqualify the undersigned pursuant to 28 U.S.C. §§ 144 and 455(a) on the grounds that bias is evident from the rulings made against him in this case and *Forte v. Merced County ("Forte I")*, 1:11-cv-0318-

1

AWI-BAM (E.D. Cal.). Having considered the Motion and the entire record, Plaintiff's Motion is DENIED.

## LEGAL STANDARD

Motions to disqualify, or recuse, a judge fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief. *See* 28 U.S.C. § 144. Similarly, § 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party," *id.* §455 (b)(1).

A judge finding a § 144 motion timely and the affidavits legally sufficient must proceed no further and another judge must be assigned to hear the matter. *See id.*; *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). Where the affidavit is not legally sufficient, however, the judge at whom the motion is directed may determine the matter. *Sibla*, 624 F.2d at 868 (holding judge challenged under § 144 properly heard and denied motion where affidavit not legally sufficient). An affidavit filed pursuant to § 144 "is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *Id.* at 868 (citation omitted).

The substantive test for personal bias or prejudice is identical under §§ 144 and 455. *See Sibla*, 624 F.2d at 867. Specifically, under both statutes recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins*., 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). Consequently, an affidavit filed under § 144 will raise a question concerning recusal under §§ 455(a) and (b)(1) as well. *Sibla*, 624 F.2d at 867.

## DISCUSSION

In his "affidavit of bias," Plaintiff makes various assertions in support of his contention that the undersigned is biased against him. *See* Affidavit of Eugene Forte ("Forte Aff."), (Doc. 35 at 19-24). Plaintiff primarily references the September 23, 2014 order denying Defendants' Motion to Dismiss in

*Forte I. See Forte v. Merced County, United States District Court, Eastern District of California,* Case No. 1:11-cv-0318-AWI-BAM (E.D. Cal.). There, Defendants sought to have Plaintiff's complaint dismissed as a sanction for his conduct in the case. (*Forte I*, Doc. 227). The undersigned denied Defendants' motion to dismiss but admonished Plaintiff that his "language, ranting, accusations, and the like, were undermining the judicial process." (*Forte I*, Doc. 263). Plaintiff also references other prior adverse rulings including: (1) the undersigned's order denying his request to participate in electronic filing through the Court's CM/ECF system (Doc. 6); (2) an order striking Plaintiff's scheduling conference statement for offensive commentary (*Forte I*, Doc. 224); and (3) an order prohibiting Plaintiff from obtaining unlimited blank issued subpoenas (*Forte I*, Doc. 245). Forte Aff. ¶¶ 6, 9, 19.

The assertions set forth in Plaintiff's affidavit categorically fail to establish any basis, under either § 144 or § 455, for a determination that the Court's impartiality might reasonably be questioned, and consequently are insufficient as a matter of law. Plaintiff provides no basis for recusal or disqualification other than his disagreement with rulings made by the undersigned. Plaintiff's objection and disagreement with theses rulings does not in and of itself demonstrate bias against him or favoritism toward Defendants. *See Berger v. United States,* 255 U.S. 22, 34 (1922) (The Supreme Court held that adverse rulings alone cannot constitute the necessary showing of bias or prejudice); *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (holding "a judge's prior adverse ruling is not sufficient cause for recusal"; explaining "judge's performance while presiding over [movant's] case" is not "extrajudicial"); *see, e.g., Capterton v. A.T. Massey Coal Co*., 556 U.S. 868, 891 (2009) (there is a "presumption of honesty and integrity on those serving as adjudicators") (*citing Withrow v. Larkin*, 421 U.S. 35, 47 (1975)).

Motions for recusal are "limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial." *United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008); *see also Sibla*, 624 F.2d at 868 (holding affidavit not legally sufficient unless it alleges facts demonstrating bias or prejudice that "stems from an extrajudicial source"). Judicial rulings may constitute grounds for appeal, but are not a valid basis for a motion for recusal. *See Liteky v. United States*, 510 U.S. 540,

555-56 (1994). Plaintiff's disagreement with the Court's rulings, no matter how strongly felt, does not create bias requiring recusal.  Consequently, Plaintiff having failed to allege any facts stating a possible cognizable ground for recusal under § 144 or otherwise, the Court finds the affidavit is not legally sufficient.[1] Further, no basis exists for the Court to disqualify itself pursuant to 28 U.S.C. § 455.

## CONCLUSION

Plaintiff having failed to demonstrate grounds for any of the relief sought, the Court DENIES the Motion to Disqualify or Recuse.

IT IS SO ORDERED.

Dated:     **August 11, 2016**                        /s/ Barbara A. McAuliffe          
                                                                UNITED STATES MAGISTRATE JUDGE

---

[1]  Having found Plaintiff's disqualification arguments legally insufficient, the Court declines Plaintiff's request to "forward this motion for recusal over to a judge for assignment." *See United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978) (noting that "referring the disposition of an affidavit of bias to another judge" generally would be "unwise" because it would cause "delay").  (Doc. 35 at 26). Plaintiff's request for an oral evidentiary hearing is similarly DENIED.