1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EUGENE E. FORTE,                          No.  1:15-cv-00147-DAD-BAM

12              Plaintiff,

13        v.                                   ORDER ADOPTING FINDINGS AND
                                               RECOMMENDATIONS, DISMISSING
14   MERCED COUNTY et al.,                     PLAINTIFF'S SECOND AMENDED
                                               COMPLAINT AND DENYING PLAINTIFF'S
15              Defendants.                    REQUEST FOR ECF PARTICIPATION

16                                             (Doc. Nos. 32, 34, 38)

17                                             ORDER DENYING PLAINTIFF'S
                                               REQUESTS TO REFER THE CASE TO
18                                             DISTRICT JUDGE MORRISON C.
                                               ENGLAND, JR. AND FOR AN ORDER
19                                             REQUIRING INVESTIGATION BY THE U.S.
                                               ATTORNEY
20
                                               (Doc. No. 33)
21

22

23
          Plaintiff Eugene Forte is appearing *pro se* in this civil rights action.  The matter was
24
     referred to United States Magistrate Judge Barbara A. McAuliffe pursuant to 28 U.S.C.
25
     § 636(b)(1)(B) and Local Rule 302.
26
          On March 29, 2016, plaintiff filed his second amended complaint seeking relief for
27
     constitutional violations against numerous defendants.  (Doc. No. 32.)  On August 11, 2016, the
28

                                               1

1    assigned magistrate judge issued findings and recommendations recommending that (1) plaintiff's

2    second amended complaint be dismissed for failure to state a cognizable claim, and (2) plaintiff's

3    request to file documents electronically via the court's CM/ECF system be denied.  (Doc. No.

4    38.)  The findings and recommendations were served on plaintiff and contained notice that any

5    objections were to be filed within fourteen days of service.  (*Id.*)  Plaintiff filed objections on

6    August 29, 2016.  (Doc. Nos. 41, 42.)

7         In his objections, plaintiff refuses to "dignify" the findings and recommendations by

8    providing specific objections that identify the portions of the magistrate judge's findings to which

9    his objections are made.  (Doc. No. 41 at 2.)  Instead, plaintiff asks this court to "personally

10   review the Original complaint . . . so that [the court] can see . . . that Magistrate McAuliffe is a

11   liar."  (*Id.*)  Moreover, plaintiff requests leave to amend his second amended complaint.  (*Id.* at 2–

12   3.)  Finally, plaintiff argues again that he should be granted permission to file electronic

13   documents electronically, relying on an order in a separate litigation permitting him to do so.

14   (Doc. No. 42 at 2.)

15        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a

16   *de novo* review of this case, including plaintiff's objections.  Having carefully reviewed the entire

17   file, the court finds the findings and recommendations to be supported by the record and by

18   proper analysis.  Plaintiff's objections do not address the magistrate judge's underlying findings

19   that his second amended complaint fails to state a claim and that his action provides no basis upon

20   which to award him monetary relief.  Rather, plaintiff wastes his time launching meritless attacks

21   upon the court.  Additionally, the court has carefully considered whether plaintiff may further

22   amend his second amended complaint to state claims upon which relief can be granted.  "The

23   court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a).  "Valid reasons

24   for denying leave to amend include undue delay, bad faith, prejudice, and futility."  *California*

25   *Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988).  *See also*

26   *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983)

27   (holding that while leave to amend shall be freely given, the court does not have to allow futile

28   amendments).  Because, as the magistrate judge found, further amendment would be futile in this

2

1   case, leave to amend shall be denied.  (*See* Doc. No. 38 at 11–12.)

2         Accordingly,

3         1.   The August 11, 2016 findings and recommendations (Doc. No. 38) are adopted in full;

4         2.   Plaintiff's second amended complaint (Doc. No. 32) is dismissed with prejudice for

5              failure to state a cognizable claim;

6         3.   Plaintiff's request to file documents electronically (Doc. No. 34) is denied;

7         4.   Plaintiff's request to refer the case to District Judge Morrison C. England, Jr. (Doc.

8              No. 33) is denied as having been rendered moot;[1] and

9         5.   The Clerk of the Court is directed to close this case.

10  IT IS SO ORDERED.

11     Dated:   **November 4, 2016**                                    _____

12                                                        UNITED STATES DISTRICT JUDGE

---

[1] On March 29, 2016, plaintiff separately filed an ex parte application requesting that (1) this case
be referred to District Judge Morrison England, Jr., and (2) the court require the United States
Attorney to further investigate alleged misconduct by Merced and Stanislaus Counties, as well as
the Federal Bureau of Investigation.  (Doc. No. 33.)  The court notes that far as it is aware, there
is no mechanism by which the court can order a federal criminal investigation or prosecution of
alleged misconduct.  Such prosecutorial functions are left to the discretion of the U.S. Department
of Justice and the Attorney General.